GARRETT S. LLEWELLYN (SBN 267427)
garrett.llewellyn@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California  90067
Telephone: (310) 284-3880
Facsimile:  (310) 284-3894

Amjad M. Khan (SBN 237325)
*amjad@bnsklaw.com*
Arun S. Avva (SBN 354481)
*arun@bnsklaw.com*
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
T: (310) 593-9890
F: (310) 593-9980

*Attorneys for Plaintiff*
*Lugano Diamonds & Jewelry Inc., by and*
*through the Special Committee of the Board*
*of Directors of Lugano Diamonds & Jewelry Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUGANO DIAMONDS & JEWELRY INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MORDECHAI FERDER, an individual acting on his own behalf, and in his capacity as Trustee of the Haim Family Trust; VAD & COMPANY, INC., a Florida corporation; and DOES 1-50,<br><br>Defendants. | Case No.   2:25-cv-12108<br><br>**PLAINTIFF LUGANO DIAMONDS & JEWELRY INC.'S NOTICE OF REMOVAL; DEMAND FOR JURY TRIAL**<br><br>*Removed from Superior Court of California, Orange County, Case No. 30-2025-01492210-CU-CO-CJC* |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. §§ 1334 and 1452, Plaintiff Lugano Diamonds and Jewelry, Inc. ("Lugano") hereby removes the action captioned *Lugano Diamonds and Jewelry, Inc. v. Ferder, et. al.*, Case No. 30-2025-01492210-CU-CO-CJC, pending in the Superior Court of California, Orange County ("State Court Action") to this Court. The grounds for removal are set forth below:

## **BACKGROUND**

1.     On November 16, 2025, Lugano Diamonds & Jewelry Inc. and its affiliated debtors filed a voluntary petition under chapter 11 of title 11 of the United States Code, commencing a reorganization case styled: *In re Lugano Diamonds & Jewelry Inc., et al.*, Case No. 25-12055-BLS, in the United States Bankruptcy Court for the District of Delaware (the "Chapter 11 Case").

2.     Since the Chapter 11 Case was commenced, Lugano and its affiliated debtors have remained as debtors in possession under 11 U.S.C. § 1101 and have the rights, powers, and duties set out in 11 U.S.C. §§ 1107 and 1108.

3.     At the time Lugano and its affiliated debtors commenced the Chapter 11 Case, the State Court Action was pending in the State Court. The State Court Action is not proceeding before the United States Tax Court and is not brought by a governmental unit to enforce its police or regulatory powers.

4.     The State Court Action claims center on claims for fraud, concealment, constructive fraud, breach of fiduciary duty, civil theft, conversion, money had and received, intentional interference with contract, and voidable transfer against defendants Mordechai "Moti" Ferder (individually and as trustee of the Haim Family Trust) and VAD & Company, Inc.

5.     The First Amended Complaint (attached as **Exhibit A** hereto) generally alleges that Ferder orchestrated unauthorized "Outside Contracts," forged documents

1   and sham shipments, embezzled funds through misdirected wire transfers to the Haim
2   Family Trust, diverted a consigned Scarselli diamond to VAD, and transferred assets
3   abroad.  It seeks damages and other relief including restitution, return of property,
4   and punitive damages. Defendants have not yet filed a responsive pleading in the
5   State Court Action.

6                              **GROUNDS FOR REMOVAL**

7          6.      A party "may remove any claim or cause of action in a civil action . . .
8   to the district court for the district where such civil action is pending, if such district
9   court has jurisdiction of such claim or cause of action under section 1334 of this title."
10  28 U.S.C. § 1452(a).

11         7.      District courts have original jurisdiction to hear all civil proceedings that
12  are, among other things, "related to cases under title 11." 28 U.S.C. § 1334(b).

13         8.      Because the Chapter 11 Case is pending in the District of Delaware,
14  Lugano primarily looks to the Third Circuit's interpretation of related-to jurisdiction.
15  A related-to case represents "the broadest of the potential paths to bankruptcy
16  jurisdiction." *In re Resorts Int'l, Inc.*, 372 F.3d 154, 163 (3d Cir. 2004). Although
17  such a case does not invoke a substantive right under the Bankruptcy Code, it is one
18  that "could *conceivably* have an effect on the estate being administered in
19  bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984), *overruled on
20  other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129 (1995).
21  "A key word in this test is 'conceivable.' Certainty, or even likelihood, is not a
22  requirement." *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 267 (3d Cir. 1991).
23  As clarified by later Third Circuit decisions, *Pacor*'s "conceivable effect" test asks
24  "whether the allegedly related lawsuit would affect the bankruptcy without the
25  intervention of yet another lawsuit." *In re W.R. Grace & Co.*, 591 F.3d 164, 172 (3d
26  Cir. 2009) (quoting *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 227 (3d Cir. 2004),
27  as amended (Feb. 23, 2005)).

28

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -
PLAINTIFF LUGANO DIAMONDS & JEWELRY, INC.'S NOTICE OF REMOVAL; DEMAND FOR JURY
TRIAL

9.     In any event, every other U.S. Circuit Court of Appeals has adopted or closely followed the standard for related-to jurisdiction as articulated by the Third Circuit in *Pacor*. *See In re Fin. Oversight & Mgmt. Bd. for Puerto Rico,* 77 F.4th 49, 60 (1st Cir. 2023), *cert. denied sub nom. Hernandez-Montanez v. Fin. Oversight & Mgmt. Bd. for Puerto Rico,* 144 S. Ct. 1095 (2024)*, and cert. denied sub nom. Pierluisi v. Fin. Oversight & Mgmt. Bd. for Puerto Rico,* 144 S. Ct. 1097 (2024); *In re 305 E. 61st St. Grp. LLC,* 130 F.4th 272, 283 (2d Cir. 2025); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1002 n.11 (4th Cir. 1986); *In re Wood,* 825 F.2d 90, 93 (5th Cir. 1987); *In re Dow Corning Corp.*, 86 F.3d 482, 489 (6th Cir. 1996); *In re Dogpatch, U.S.A., Inc.,* 810 F.2d 782, 786 (8th Cir.1987); *In re Deitz,* 760 F.3d 1038, 1053 (9th Cir. 2014) ("The Ninth Circuit applies the so-called *Pacor* test to determine 'related to' jurisdiction. If the determination at issue, in any conceivable way, could affect the bankruptcy estate, then such jurisdiction exists"); *In re Gardner,* 913 F.2d 1515, 1518 (10th Cir.1990); *In re Lemco Gypsum, Inc.,* 910 F.2d 784, 788 and n. 19 (11th Cir.1990); *cf. In re FedPak Sys., Inc.*, 80 F.3d 207, 213–14 (7th Cir. 1996) ("Our precedents hold that [a] case is 'related' to a bankruptcy when the dispute 'affects the amount of property for distribution [i.e., the debtor's estate] or the allocation of property among creditors.") (internal quotation marks omitted).

10.     Following the required Local Rule 7-3 conference of counsel, Lugano intends to file a motion to transfer this action to the District of Delaware ("Motion to Transfer").

11.     Accordingly, removal of the State Court Action is proper under 28 U.S.C. § 1452(a).

## THE REMOVAL PREREQUISITES HAVE BEEN SATISFIED

12.     Removal of the State Court Action is authorized by 28 U.S.C. §§ 1334 and 1452. Removal is being accomplished in accordance with Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the local rules of this Court (the "Local Rules").

PLAINTIFF LUGANO DIAMONDS & JEWELRY, INC.'S NOTICE OF REMOVAL; DEMAND FOR JURY TRIAL

13.     The State Court is located in the division and district of this Court. Venue is proper under Bankruptcy Rule 9027(a)(1).

14.     Bankruptcy Rule 9027(a)(1)(B) requires that this Notice of Removal "contain a statement that the party filing the notice does or does not consent to the bankruptcy court's entry of a final judgment or order." Lugano intends to move to transfer this action to the District of Delaware ("Motion to Transfer"). Subject to that transfer, Lugano consents to the entry of a final order or judgment by the United States Bankruptcy Court for the District of Delaware. Lugano does not consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Lugano intends to request that this Court and/or the District of Delaware fix venue for the State Court Action in the District of Delaware via Lugano's forthcoming Motion to Transfer.

15.     Bankruptcy Rule 9027(a)(1)(C) further requires that this Notice of Removal "be accompanied by a copy of all process and pleadings." The First Amended Complaint and related summons in the State Court Action are attached hereto as **Exhibit A**. A snapshot of the electronic docket is attached hereto as **Exhibit B**. If necessary, Lugano will make available to this Court any pleadings upon request. But Lugano requests that this Court extend the deadline to transmit the full State Court record until the matter is transferred to the District of Delaware. *Cf. A.H. Robins Co.*, 788 F.2d at 1016, n. 18 ("Until the [venue-fixing] order is made final with regard to a particular case, a case should not be physically transferred. Thus, no filing fee shall be paid under Rule 9027 or expenditures accompany photocopying, freight, etc. be made. Only after the order is final shall the expense of transfer be necessary.").

16.     This Notice of Removal is being filed within ninety (90) days of the order for relief in the Chapter 11 Case and is therefore timely under Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure.

17.     In accordance with Bankruptcy Rule 9027(b), Lugano will promptly serve written notice of this removal to the above-captioned Defendants' counsel of record.

18.     All parties to the State Court Action are **HEREBY NOTIFIED** that removal of the State Court Action will be effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to Bankruptcy Rule 9027(c). And "the parties shall proceed no further in that court unless and until the claim or cause of action is remanded." Bankruptcy Rule 9027(c).

19.     No admission of law, fact, or liability is intended by this Notice of Removal.

20.     If any question is raised as to the propriety of the removal of the State Court Action, Lugano requests the opportunity to present a brief and oral argument in support of removal.

WHEREFORE, Lugano gives notice that the State Court Action, currently pending in the Superior Court of the State of California, County of Orange, Case No. 30-2025-01492210-CU-CO-CJC, is removed to this Court pursuant to 28 U.S.C. §§ 1334 and 1452. Lugano requests that this Court retain jurisdiction for all further proceedings in this matter pending Lugano's filing of the Motion to Transfer.

Dated:  December 22, 2025

**BARNES & THORNBURG LLP**


By:/s/ *Garrett S. Llewellyn*
    Garrett S. Llewellyn

Attorneys for Plaintiff
*Lugano Diamonds & Jewelry Inc.,*
*by and through the Special*
*Committee of the Board of*
*Directors of Lugano Diamonds &*
*Jewelry Inc.*

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -
PLAINTIFF LUGANO DIAMONDS & JEWELRY, INC.'S NOTICE OF REMOVAL; DEMAND FOR JURY
TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **DEMAND FOR JURY TRIAL**

Plaintiff Lugano Diamonds & Jewelry, Inc. hereby demands trial by jury in this action.

Dated:  December 22, 2025

**BARNES & THORNBURG LLP**

By:/s/ *Garrett S. Llewellyn*
Garrett S. Llewellyn

Attorneys for Plaintiff
*Lugano Diamonds & Jewelry Inc.,
by and through the Special
Committee of the Board of
Directors of Lugano Diamonds &
Jewelry Inc.*