Jeffrey H. Reeves (SBN 156648)
jreeves@reevesandweiss.com
Daniel L. Weiss (SBN 242022)
dweiss@reevesandweiss.com
REEVES & WEISS LLP
3333 Michelson Drive, Suite 300
Irvine, CA 92612
Telephone: (949) 200-7790

Attorneys for Defendant MORDECHAI FERDER, an individual acting on his own behalf, and in his capacity as Trustee of the Haim Family Trust

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUGANO DIAMONDS & JEWELRY INC., a California corporation,<br>　　　　Plaintiff,<br>vs.<br>MORDECHAI FERDER, an individual acting on his own behalf, and in his capacity as Trustee of the Haim Family Trust; VAD & COMPANY, INC., a Florida corporation; and DOES 1-50,<br>　　　　Defendants. | Case No. 8:25-cv-02845-FWS-JDE<br><br>[Assigned to the Honorable Fred W. Slaughter]<br><br>**MOTION TO ABSTAIN FROM HEARING STATE COURT ACTION (28 U.S.C. § 1334(c)(2) (MANDATORY ABSTENTION); OR IN THE ALTERNATIVE, TO REMAND REMOVED ACTION (28 U.S.C. § 1452); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Declaration of Jeffrey Reeves Filed Concurrently Herewith*]<br><br>**DATE: March 19, 2026**<br>**TIME: 10:00 a.m.**<br>**CTRM: 10D** |

1

*MOTION TO ABSTAIN FROM HEARING STATE COURT ACTION (28 U.S.C. § 1334(c)(2) (MANDATORY ABSTENTION); OR IN THE ALTERNATIVE, TO REMAND REMOVED ACTION (28 U.S.C. § 1452)*

# MOTION

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 19, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 10D of the above-entitled Court, located at 411 West Fourth Street, Santa Ana, California 92701, Defendant Mordechai Ferder ("Mr. Ferder") will and hereby does move this Court for an order:

1. Requiring this Court to abstain from hearing this action pursuant to the doctrines of permissive or mandatory abstention under 28 U.S.C. § 1334(c) or, in the alternative,

2. Remanding this action to the Superior Court of the State of California, County of Orange, on equitable grounds pursuant to 28 U.S.C. § 1452(b).

This motion is made following the removal of this action from the Orange County Superior Court by Plaintiff Lugano Diamonds & Jewelry, Inc. ("Lugano") on December 22, 2025. This motion is made on the grounds that this action is a non-core proceeding dominated by California state-law claims, making federal adjudication inefficient and improper. The principles of comity, judicial economy, respect for the parties' contractual forum selection clause, and the prevention of forum shopping all weigh overwhelmingly in favor of returning this case to state court.

This motion is based upon this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the Declaration of Jeffrey Reeves and the exhibits attached thereto; the complete files and records in this action.

Pursuant to Local Rule 7-3, counsel for Mr. Ferder conferred with counsel for Lugano by telephone on January 14, 2026 regarding the substance of this motion. The parties were unable to resolve the issues, necessitating the filing of this motion.

///

///

Reeves & Weiss LLP

2

*MOTION TO ABSTAIN FROM HEARING STATE COURT ACTION (28 U.S.C. § 1334(c)(2) (MANDATORY ABSTENTION); OR IN THE ALTERNATIVE, TO REMAND REMOVED ACTION (28 U.S.C. § 1452)*

Pursuant to Local Rule 7-11, Defendant respectfully requests oral argument.

DATED: January 27, 2026          REEVES & WEISS LLP

By: _____
Jeffrey H. Reeves
Daniel L. Weiss
Attorneys for Defendant MORDECHAI FERDER, an individual acting on his own behalf, and in his capacity as Trustee of the Haim Family Trust

Reeves & Weiss LLP

3

*MOTION TO ABSTAIN FROM HEARING STATE COURT ACTION (28 U.S.C. § 1334(c)(2) (MANDATORY ABSTENTION); OR IN THE ALTERNATIVE, TO REMAND REMOVED ACTION (28 U.S.C. § 1452)*

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................7

II. FACTUAL BACKGROUND .............................................................................8

III. ARGUMENT ...................................................................................................11

    A.    The principles of abstention require remand. ............................11

        1.    The mandatory abstention factors are almost entirely satisfied.. ................................................................................11

    B.    The equities overwhelmingly favor remand under 28 U.S.C. § 1452(b).. ..............................................................................13

        1.    The complete predominance of state law issues...............13

        2.    The parties' express contractual choice of forum..... **Error! Bookmark not defined.**

        3.    Judicial economy and the efficient administration of justice.. .................................................................................15

        4.    Comity and respect for the state judiciary..........................16

        5.    Forum shopping and procedural posturing.........................16

IV. CONCLUSION ........................................**Error! Bookmark not defined.**

Reeves & Weiss LLP

4

*MOTION TO ABSTAIN FROM HEARING STATE COURT ACTION (28 U.S.C. § 1334(c)(2) (MANDATORY ABSTENTION); OR IN THE ALTERNATIVE, TO REMAND REMOVED ACTION (28 U.S.C. § 1452)*

## Table of Authorities

**Cases**   **Page(s)**

*EpicentRx, Inc. v. Superior Court*,
  18 Cal. 5th 58 (2025) .................................................................................... 14

*Federal Home Loan Bank of Chicago v. Banc of America Secur. LLC*,
  448 B.R. 517 (Bankr. C.D. Cal. 2011) ......................................................... 13

*Handoush v. Lease Fin. Grp., LLC*,
  41 Cal. App. 5th 729 (2019) ......................................................................... 15

*In re Enron Corp.*,
  296 B.R. 505, n.2 (Bankr. C.D. Cal. 2003) .................................................. 13

*In re Harris Pine Mills*,
  44 F.3d 1431 (9th Cir. 1995) ........................................................................ 12

*In re Mann*,
  907 F.2d 923 (9th Cir. 1990) ........................................................................ 12

*In re Roman Catholic Bishop of San Diego*,
  374 B.R. 756 (Bankr. S.D. Cal. 2007) ................................................... 16, 17

*In re Windsor Terrace Healthcare, LLC*,
  667 B.R. 736 (Bankr. E.D. Cal. 2025) ......................................................... 13

*Lomas & Nettleton Co. v. Warren (In re Warren)*,
  125 B.R. 128 (Bankr. E.D. Pa. 1991) ........................................................... 11

*Ltd. (In re Sona Mobile Holdings Corp.)*,
  2013 U.S. Dist. LEXIS 94206 (D. Nev. July 5, 2013) ............................... 14

*Nationwide Roofing & Sheet Metal v. Cincinnati Ins. Co. (In re Nationwide Roofing & Sheet Metal)*,
  130 B.R. 768 (Bankr. S.D. Ohio 1991) ........................................................ 11

*Schulman v. State of California (In re Lazar)*,
  237 F.3d 967 (9th Cir. 2001) ........................................................................ 13

*Smith, Valentino & Smith, Inc. v. Superior Court*,
  17 Cal. 3d 491 (1976) ................................................................................... 14

*TIG Ins. Co. v. Smolker*,
  264 B.R. 661 (Bankr. C.D. Cal. 2001) ......................................................... 11

*Verdugo v. Alliantgroup, L.P.*,
  237 Cal. App. 4th 141 (2015) ....................................................................... 15

*Williams v. Shell Oil Co.*,
  169 B.R. 684 (Bankr. C.D. Cal. 1994) ......................................................... 13

**Statutes**

28 U.S.C. § 1334 ............................................................................ 1, 2, 7, 11, 12

Reeves & Weiss LLP

5

MOTION TO ABSTAIN FROM HEARING STATE COURT ACTION (28 U.S.C. § 1334(c)(2) (MANDATORY ABSTENTION); OR IN THE ALTERNATIVE, TO REMAND REMOVED ACTION (28 U.S.C. § 1452)

28 U.S.C. § 1452 .................................................................................. 1, 2, 8, 10, 11, 13
28 U.S.C. § 157 ........................................................................................................ 12, 15
Cal. Civ. Code § 3439 ..................................................................................................... 14
Cal. Penal Code § 496 .................................................................................................... 14
Fed. R. Bankr. P. 9027(e)(3) .......................................................................................... 10

**Other**

Local Rule 7-11 ................................................................................................................ 3
Local Rule 7-3 .................................................................................................................. 2

6

*MOTION TO ABSTAIN FROM HEARING STATE COURT ACTION (28 U.S.C. § 1334(c)(2) (MANDATORY ABSTENTION); OR IN THE ALTERNATIVE, TO REMAND REMOVED ACTION (28 U.S.C. § 1452)*

Reeves & Weiss LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The legendary UCLA basketball coach John Wooden famously advised his players, "Be quick, but don't hurry." This wisdom, emphasizing methodical execution over frantic haste, applies with equal force to judicial procedure. Although the bankruptcy code provides for the swift consolidation of matters affecting an estate, that speed must not come at the cost of fairness, judicial economy, or the foundational principles of comity. The instant motion asks this Court to apply that wisdom and return this quintessential California and non-core bankruptcy dispute to its proper forum.

This action is, at its core, a local business dispute. It involves a California corporation suing its California-based founder over conduct that occurred primarily in California. The parties' own Employment Agreement, the foundational document governing their relationship, expressly designates the courts of Orange County, California, as the exclusive venue. Plaintiff Lugano Diamonds & Jewelry, Inc. ("Lugano") honored that agreement when it first filed this case in the Orange County Superior Court.

Now, following a bankruptcy filing in Delaware, Lugano seeks to change course. It has removed this action—which is based entirely on state law—with the stated intent to transfer it to a court 3,000 miles away. *See* Notice of Removal (Dkt. 1) at 2. This procedural maneuver invites inefficiency and imposes a significant burden on Mr. Ferder, contrary to the spirit of the governing statutes.

Federal law provides two clear and appropriate mechanisms to address this situation: equitable remand and abstention. Both point to the same logical outcome.

First, the Court should analyze this matter through the lens of abstention under 28 U.S.C. § 1334(c). While the Ninth Circuit maintains a unique view on *mandatory* abstention in removed actions, that this case satisfies nearly all of the statute's criteria underscores its fundamentally local nature. These same

considerations provide a powerful basis for this Court to exercise its discretion and grant *permissive* abstention in the interest of justice and respect for the California judiciary.

Second, equitable remand under 28 U.S.C. § 1452(b) is dispositively warranted. The factors consistently applied by courts in the Ninth Circuit—including the predominance of state law, the parties' contractual forum choice, judicial economy, comity, and the avoidance of prejudicial forum shopping—all weigh overwhelmingly in favor of remand. This case is comprised solely of California claims, making a California judge the most expert arbiter. Furthermore, with a number of related cases already pending in the Orange County Superior Court, remand is the most efficient path forward.

This action began in state court, it is governed by state law, and its resolution is best managed there. Remand is the correct and equitable result.

## II.  FACTUAL BACKGROUND

This case is rooted in Orange County. Mr. Ferder founded Lugano in Newport Beach in 2005, and it remains a California corporation with its principal place of business there. Reeves Decl., Ex. A, First Amended Complaint ("FAC") ¶ 6. The central document defining the parties' professional relationship is the Employment Agreement executed after Compass Diversified Holdings, Inc. acquired a majority stake in Lugano. That agreement contains a clear, mandatory forum-selection and choice-of-law clause:

> All disputes relating to this Agreement, Executive's employment or other service with the Company … shall be heard in the state or federal courts located in Orange County, California.

Reeves Decl., Ex. B, Ferder Employment Agreement, at 12. The agreement similarly mandates the application of California law for all issues of construction and validity. *Id.*

Reeves & Weiss LLP

8

MOTION TO ABSTAIN FROM HEARING STATE COURT ACTION (28 U.S.C. § 1334(c)(2) (MANDATORY ABSTENTION); OR IN THE ALTERNATIVE, TO REMAND REMOVED ACTION (28 U.S.C. § 1452)

On June 24, 2025, before the Lugano Bankruptcy Cases were filed, Lugano filed the State Court Action against Mr. Ferder in the California Superior Court, County of Orange. In then filed an amended complaint in that action on November 26, 2025, after Lugano had filed for bankruptcy. Lugano's lawsuit alleges that Mr. Ferder breached his duties as CEO in connection with certain financing agreements, referred to as the "Diamond Contracts." Reeves Decl. Ex. A at ¶¶ 17–19. Mr. Ferder denies these allegations, contending that Lugano's claims are an effort to deflect responsibility for business strategies known to and approved by Lugano and its majority shareholder. He maintains that all funds from the disputed contracts went directly into Lugano's corporate accounts to fund an aggressive expansion plan that the company itself demanded. The dispute is a classic California business matter, hinging on the interpretation of events, communications, and conduct that occurred in California.

Further, this is not an isolated California legal dispute. It is one of at least eight related actions pending in the Orange County Superior Court, most of which are before the Honorable Jonathan Fish.[1] These cases all arise from the same core set of facts concerning the Diamond Contracts, and Lugano is a defendant in most of them.

---

[1] *Bryan Gadol v. Mordechai Ferder*, Case No. 30-2025-01488102-CU-BC-CJC (stay filed by Lugano); *Raymond W. Cohen v. Lugano Diamonds & Jewelry Inc.*, Case No. 30-2025-01490111-CU-BC-CJC; *Ken Kraus v. Lugano Diamonds & Jewelry, Inc.*, Case No. 30-2025-014901065-CU-BC-CJC (stay filed by Lugano); *Barry Aronoff v. Mordechai Ferder*, Case No. 30-2025-01490509-CU-FR-CJC (stay filed by Lugano); *Lugano Diamonds & Jewelry Inc. v. Mordechai Ferder*, Case No. 30-2025-01492210-CU-CO-CJC; *Avina LLC v. Lugano Diamonds & Jewelry, Inc.*, Case No. 30-2-25-1495834-CU-FR-CJC; *The Arvielo Family Trust v. Lugano Diamonds & Jewelry Inc.*, Case No. 30-2025-01506931-CU-BC-CJC (stay filed by Lugano) (Judge Manssourian) and *Champion Force Industrial Limited v. Lugano Diamonds & Jewelry Inc.*, Case No. 30-2025-01499613-CU-BC-CJC (Stay filed by Lugano) (Judge Leal).

Reeves & Weiss LLP

9

MOTION TO ABSTAIN FROM HEARING STATE COURT ACTION (28 U.S.C. § 1334(c)(2) (MANDATORY ABSTENTION); OR IN THE ALTERNATIVE, TO REMAND REMOVED ACTION (28 U.S.C. § 1452)

Moreover, all counsel—both for Lugano and Mr. Ferder—are located in Los Angeles and Orange County. The parties have already conducted a mediation in Orange County. Mr. Ferder has also served discovery and issued third-party subpoenas while the case was pending in Orange County.

On November 16, 2025, Lugano and several affiliates filed for Chapter 11 bankruptcy.[2] Reeves Decl., Ex. C, *Lugano Diamonds & Jewelry Inc.*, Case No. 25-12055 (BLS) Voluntary Petition for Bankruptcy. They chose to file not in California, their operational home, but in the District of Delaware, with venue for Lugano itself predicated on the filing of an affiliate incorporated there. *Id*. at 3. On December 22, 2025, Lugano removed this action from state court to this District. Notice of Removal (Dkt. 1). Its Notice of Removal explicitly states the next intended step: "Lugano intends to file a motion to transfer this action to the District of Delaware." *Id*. at 3. Yet Lugano has only removed this action, the one in which it is the plaintiff. In the cases where it is a defendant, it has invoked the automatic stay of the bankruptcy court.[3] This selective use of federal jurisdiction—removing its affirmative case while halting others—undermines any claim that its actions are motivated by a desire for global efficiency and instead suggests a strategic preference for a different forum for its own claims.[4]

---

[2] *Lugano Buyer, Inc.*, Case No. 25-12052 (BLS); *K.L.D. Jewelry, LLC*, Case No. 25-12053 (BLS); *Lugano Prive, LLC*, Case No. 25-12054 (BLS); *Lugano Diamonds & Jewelry Inc.*, Case No. 25-12055 (BLS); and *Lugano Holding, Inc.*, Case No. 24-12056 (BLS).

[3] Although not required to do so because Mr. Ferder has not yet responded to the Amended Complaint, he, as a precautionary measure, filed a Bankruptcy Rule 9027(e)(3) statement with the Court in which he confirmed that the removed action was noncore and that he does not consent to entry of final orders and judgment by a bankruptcy judge.

[4] Mr. Ferder denies the allegations made against him and intends to file a Motion for Relief from the Automatic Stay in the Delaware Bankruptcy Court to permit him to assert counterclaims against Lugano and others. Any such counterclaims will be

Reeves & Weiss LLP

10

MOTION TO ABSTAIN FROM HEARING STATE COURT ACTION (28 U.S.C. § 1334(c)(2) (MANDATORY ABSTENTION); OR IN THE ALTERNATIVE, TO REMAND REMOVED ACTION (28 U.S.C. § 1452)

## III. ARGUMENT

Federal law provides two independent but complementary frameworks that authorize this Court to return this action to the State Court: the abstention doctrines codified in 28 U.S.C. § 1334(c) and equitable remand under 28 U.S.C. § 1452(b). Both statutory schemes, grounded in principles of equity, comity, and judicial efficiency, compel remand.

### A. The principles of abstention require remand.

The abstention doctrine, codified at 28 U.S.C. § 1334(c), provides a basis for this Court to decline jurisdiction. These statutes reflect a clear congressional policy that bankruptcy jurisdiction, while broad, has defined limits, especially concerning matters of state law.

**1. The mandatory abstention factors are almost entirely satisfied.**

Section 1334(c)(2) directs that a district court shall abstain from a proceeding if six criteria are met. *Lomas & Nettleton Co. v. Warren (In re Warren)*, 125 B.R. 128, 130 (Bankr. E.D. Pa. 1991) (remanding proceeding removed from state court to bankruptcy court); *Nationwide Roofing & Sheet Metal v. Cincinnati Ins. Co. (In re Nationwide Roofing & Sheet Metal)*, 130 B.R. 768, 778 (Bankr. S.D. Ohio 1991) and *TIG Ins. Co. v. Smolker*, 264 B.R. 661 (Bankr. C.D. Cal. 2001). Five of the six elements are indisputably present here:

1. A timely motion has been filed. The Notice of Removal was filed on December 22, 2025. This Motion was filed without delay and is timely.
2. The proceeding is based entirely on California state law claims. Additionally, the Employment Agreement applies California law to "[a]ll disputes relating to this Agreement, Executive's employment or other service with the Company."

---

California law based claims that a state court can adjudicate.

11

MOTION TO ABSTAIN FROM HEARING STATE COURT ACTION (28 U.S.C. § 1334(c)(2) (MANDATORY ABSTENTION); OR IN THE ALTERNATIVE, TO REMAND REMOVED ACTION (28 U.S.C. § 1452)

3. The proceeding is "related to" the bankruptcy case but is a non-core proceeding. A claim "arising under" title 11 or "arising in" a case under title 11 is a "core" proceeding. The removed claims are not "core" proceedings. A "core" proceeding generally involves causes of action created or determined by the Bankruptcy Code or administrative matters arising only in bankruptcy cases. *In re Harris Pine Mills*, 44 F.3d 1431, 1435-1436 (9th Cir. 1995). If a proceeding does not involve those types of issues, it is not a core proceeding. *Id.* This is a meaningful distinction, because unless Mr. Ferder consented—which he does not—a bankruptcy judge cannot issue a final judgment or order in this proceeding. 28 USC § 157(c)(1); *In re Mann*, 907 F.2d 923, 925-926 (9th Cir. 1990). Indeed, Lugano admitted that this proceeding was non-core in its Notice of Removal by claiming that the proceeding is merely "related-to" Lugano's bankruptcy case.

4. The action could not have been commenced in federal court absent jurisdiction under § 1334. But for the jurisdiction arising from under Section 1334, the federal courts would not have subject matter or diversity jurisdiction.

5. The action can be timely adjudicated in the state court.

The only element subject to jurisdictional nuance is the fifth: whether an action "is commenced" in a state forum, as required by the statute, once it has been removed. There is a split among the circuits as to whether the reference in Section 1334(c)(2) to "an action commenced" in connection with mandatory abstention is applicable to removed actions. It has been construed by the majority of courts to apply to removed actions. But the Ninth Circuit follows the minority view that mandatory abstention is generally inapplicable to a removed action because a parallel state court proceeding is a prerequisite that is not met once the case is

MOTION TO ABSTAIN FROM HEARING STATE COURT ACTION (28 U.S.C. § 1334(c)(2) (MANDATORY ABSTENTION); OR IN THE ALTERNATIVE, TO REMAND REMOVED ACTION (28 U.S.C. § 1452)

removed to federal court. *Schulman v. State of California (In re Lazar)*, 237 F.3d 967, 982 (9th Cir. 2001).

In any event, and more importantly for this Court, that this case meets every substantive criterion for mandatory abstention is a powerful equitable argument. It is a clear signal that this action is precisely the type of state-law-dominant, non-core proceeding that Congress intended for state courts to resolve. This strong statutory preference for state court adjudication should inform this Court's analysis under both permissive abstention and equitable remand

**B.   The equities overwhelmingly favor remand under 28 U.S.C. § 1452(b).**

Though 28 U.S.C. § 1452(a) permits a party to remove a claim related to a bankruptcy case, that right is not absolute. Section 1452(b) acts as a vital counterbalance, granting the district court broad discretionary authority to remand the action "on any equitable ground." This provision serves as a critical check to ensure that the mechanisms of bankruptcy removal are not used to generate unfair tactical advantages or procedural burdens.

To guide this equitable analysis, courts in this circuit consider a non-exhaustive list of factors, which often overlap with the test for permissive abstention. *In re Windsor Terrace Healthcare, LLC*, 667 B.R. 736, 753-759 (Bankr. E.D. Cal. 2025) (remand ordered); *Federal Home Loan Bank of Chicago v. Banc of America Secur. LLC*, 448 B.R. 517, 525 (Bankr. C.D. Cal. 2011) (remand ordered); *In re Enron Corp.*, 296 B.R. 505, 508-09, n.2 (Bankr. C.D. Cal. 2003) (remand ordered); *Williams v. Shell Oil Co.*, 169 B.R. 684, 692-93 (Bankr. C.D. Cal. 1994) (remand ordered). A detailed examination of the most relevant factors demonstrates that they weigh decisively in favor of remand.

**1.   The complete predominance of state law issues.**

This factor, often considered paramount, could not be more clearly satisfied. *See In re Enron Corp.*, 296 B.R. 505, 509 (C.D. Cal. 2003) (noting where state law issues predominate "abstention is particularly compelling") (internal citations

Reeves & Weiss LLP

13

MOTION TO ABSTAIN FROM HEARING STATE COURT ACTION (28 U.S.C. § 1334(c)(2) (MANDATORY ABSTENTION); OR IN THE ALTERNATIVE, TO REMAND REMOVED ACTION (28 U.S.C. § 1452)

omitted). The First Amended Complaint asserts ten causes of action: (1) Fraud, (2) Concealment, (3) Constructive Fraud, (4) Breach of Fiduciary Duty, (5) Civil Theft (Cal. Penal Code § 496(c)), (6) Conversion, (7) Money Had and Received, (8) Conversion (against a co-defendant), (9) Intentional Interference with Contract, and (10) Voidable Transfer (Cal. Civ. Code § 3439, et seq.). Every one of these claims is a creature of California state law. Their adjudication requires no interpretation of the Bankruptcy Code or any other federal statute. This litigation will turn on the application of the California Civil Code, the California Penal Code, and decades of California common law governing business torts and fiduciary duties. A California Superior Court judge is the most expert and appropriate judicial officer to preside over such a dispute.

**2. The parties' express contractual choice of forum.**

A powerful equitable consideration is the existence of a mandatory forum-selection clause in the parties' Employment Agreement, which requires that "[a]ll disputes relating to this Agreement, Executive's employment, or other service with the Company … shall be heard in the state or federal courts located in Orange County, California." Reeves Decl. Ex. B at 3. Such clauses are presumptively valid and enforceable in California unless the resisting party shows that enforcement would be unreasonable. *Smith, Valentino & Smith, Inc. v. Superior Court*, 17 Cal. 3d 491, 495-96 (1976). Lugano now seeks to use bankruptcy removal to circumvent this freely negotiated contractual term. Federal courts applying equitable principles are properly hesitant to permit this. *See Cory v. eBET Ltd. (In re Sona Mobile Holdings Corp.)*, 2013 U.S. Dist. LEXIS 94206, at *10, n. 3 (D. Nev. July 5, 2013) (finding that public policy in favor of consolidating bankruptcy proceedings does not override the interest in honoring the parties' forum selection clause.)

Recent California Supreme Court precedent has only strengthened the enforceability of these clauses. In *EpicentRx, Inc. v. Superior Court*, 18 Cal. 5th 58, 67 (2025), the Court clarified that a forum-selection clause pointing to a jurisdiction

Reeves & Weiss LLP

14

MOTION TO ABSTAIN FROM HEARING STATE COURT ACTION (28 U.S.C. § 1334(c)(2) (MANDATORY ABSTENTION); OR IN THE ALTERNATIVE, TO REMAND REMOVED ACTION (28 U.S.C. § 1452)

that does not provide for jury trials (in that case, Delaware) is not per se unenforceable on public policy grounds, resolving confusion from prior appellate decisions like *Handoush v. Lease Fin. Grp., LLC*, 41 Cal. App. 5th 729 (2019).[5] This robust enforcement policy underscores the importance of holding parties to their bargains. While other cases like *Verdugo v. Alliantgroup, L.P.*, 237 Cal. App. 4th 141, 147 (2015), place the burden on the enforcing party when unwaivable statutory rights are at issue, this case primarily involves common law business disputes, not the type of unwaivable employee protections at issue in *Verdugo*. The equities strongly favor honoring the parties' explicit agreement to litigate in Orange County.

### 3. Judicial economy and the efficient administration of justice.

Keeping this case in federal court, particularly with the prospect of transfer to Delaware, is profoundly inefficient.

<u>Piecemeal Litigation</u>: Remand would allow this case to be managed alongside the eight other related cases pending in Orange County Superior Court, most before Judge Fish. This promotes consistency, streamlines discovery, and prevents duplicative judicial effort. There is profound inefficiency of splitting off one case from a family of related actions.

<u>The jury trial complication</u>: Mr. Ferder intends to demand a jury trial by way of his responsive pleading to the Amended Complaint, which will be filed in this department on or before March 6, 2026, and does not consent to one being conducted by a bankruptcy judge. As this is a non-core proceeding, a jury trial must be held in the district court, not the bankruptcy court. 28 U.S.C. § 157(e). This would create a clumsy, bifurcated process where pretrial matters are handled by a bankruptcy judge in Delaware, only for the case to be handed off to a Delaware

---

[5] See also Michael J. Laszlo, Matthew L. Marshall, *California Supreme Court Strengthens Forum Selection Clause Enforcement*, Mondaq.com (August 1, 2025)

district judge for trial on California state law claims. Remand to the Orange County Superior Court, a court of general jurisdiction fully empowered to handle the case from start to finish, is the far more efficient course.

<u>Location of Counsel and Witnesses</u>: Delaware is an inconvenient forum. All counsel involved in this case are located in Southern California. For instance, Mr. Ferder's counsel is located in Irvine, California. It does not have a Delaware office. The removal of this case thus will require Mr. Ferder's counsel to retain local counsel and have to travel across the country to attend hearing, at a substantial cost to Mr. Ferder. Delaware bankruptcy court is not more convenient for litigation counsel for Lugano, as its counsel is located in Los Angeles, California, and nearly all of the witnesses are located in Southern California.

Further, Lugano, the Plaintiff, is itself a California corporation (not a Delaware entity). It does not have its principal place of business or any assets in Delaware. The only reason it has a bankruptcy pending in Delaware is that one of its affiliates was formed under Delaware law, and Lugano's bankruptcy counsel strategically filed that affliate's bankruptcy first.

**4. Comity and respect for the state judiciary.**

Remand is a cornerstone of cooperative judicial federalism. *See In re Roman Catholic Bishop of San Diego*, 374 B.R. 756, 761, 764 (Bankr. S.D. Cal. 2007) (exercising the court's "unusually broad grant of authority" to remand based on "any equitable grounds" where "comity strongly favors the state court forum.") Where a case involves only state law claims originally filed in state court, federal courts should exercise restraint. Remanding this action demonstrates proper respect for the California judiciary's expertise in its own law.

**5. Forum shopping and procedural posturing.**

The circumstances surrounding this removal strongly suggest it is a maneuver for tactical advantage, a practice courts disfavor. The indicators here are clear: the selective removal of only the plaintiff-side case and the attempt to evade a

Reeves & Weiss LLP

16

MOTION TO ABSTAIN FROM HEARING STATE COURT ACTION (28 U.S.C. § 1334(c)(2) (MANDATORY ABSTENTION); OR IN THE ALTERNATIVE, TO REMAND REMOVED ACTION (28 U.S.C. § 1452)

mandatory forum-selection clause. These actions, viewed together, are compelling evidence that the removal was motivated by forum shopping, a key factor weighing in favor of remand.

Although no single factor is determinative, courts must consider each factor and the evidence relating to them when deciding whether to remand. The factors set forth above assist the court's remand decision, but they do not control it. The standard remains "any equitable ground." *Id*. at 762. For all of these reasons, the equities demand that this action be returned to the Orange County Superior Court.

## IV. CONCLUSION

This case is a business dispute involving California parties, who signed an agreement containing a California choice of law provision. The operative facts, witnesses, and counsel are all located in California. The case contains only California state law claims. Under either the mandatory or permissive abstention doctrines, as well as under the theory of equitable remand, it is clear that it serves the interests of judicial economy and comity that this case be adjudicated in California state court.

DATED: January 27, 2026

            REEVES & WEISS LLP

            By: _____
            Jeffrey H. Reeves
            Daniel L. Weiss
            Attorneys for Defendant MORDECHAI FERDER, an individual acting on his own behalf, and in his capacity as Trustee of the Haim Family Trust

Reeves & Weiss LLP

17

*MOTION TO ABSTAIN FROM HEARING STATE COURT ACTION (28 U.S.C. § 1334(c)(2) (MANDATORY ABSTENTION); OR IN THE ALTERNATIVE, TO REMAND REMOVED ACTION (28 U.S.C. § 1452)*