# EXHIBIT C

| Fill in this information to identify the case: |
|---|

United States Bankruptcy Court for the:

**District of Delaware**

Case number *(if known)* _____ Chapter **11**

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | Debtor's name | **Lugano Diamonds & Jewelry Inc.** |
|---|---|---|

| 2. | All other names debtor used in the last 8 years<br><br>Include any assumed names, trade names and *doing business as* names | **Lugano** |
|---|---|---|

| 3. | Debtor's federal Employer Identification Number (EIN) | **57-1216784** |
|---|---|---|

| 4. | Debtor's address | **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|---|---|
| | | **620 Newport Center Dr., Ste 100, Newport Beach, California 92660** | |
| | | Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Orange County** | **Location of principal assets, if different from principal place of business** |
| | | County | |
| | | | Number, Street, City, State & ZIP Code |

| 5. | Debtor's website (URL) | **www.luganodiamonds.com** |
|---|---|---|

| 6. | Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

| Debtor | Lugano Diamonds & Jewelry Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**4583**

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☒ No.

☐ Yes.

| | District | When | Case number |
|---|---|---|---|
| | District | When | Case number |

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☒ Yes.

---

Debtor **Lugano Diamonds & Jewelry Inc.**                    Case number (*if known*) _____
      Name

| | | | |
|---|---|---|---|
| List all cases. If more than 1, attach a separate list | Debtor District **See Exhibit A** | Relationship _____ | |
| | | When _____ | Case number, if known _____ |

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.

Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____

          Contact name _____

          Phone _____

---

### ▮ Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☒ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Debtor | Lugano Diamonds & Jewelry Inc. | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **11/16/2025**
MM / DD / YYYY

**X**   **/s/ J. Michael Issa**                      J. Michael Issa
Signature of authorized representative of debtor             Printed name

Title    **Authorized Signatory**

---

**18. Signature of attorney**

**X**   **/s/ Edmon L. Morton**           Date   **11/16/2025**
Signature of attorney for debtor               MM / DD / YYYY

**Edmon L. Morton**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 N. King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **302-571-6600**      Email address   **emorton@ycst.com**

**3856 (DE)**
Bar number and State

## EXHIBIT A

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.

| Entity Name | Federal Employee Identification Number (EIN) |
| --- | --- |
| Lugano Buyer, Inc. | 87-2264565 |
| Lugano Holding, Inc.[1] | 87-2259690 |
| Lugano Prive, LLC | 88-1594308 |
| Lugano Diamonds & Jewelry Inc. | 57-1216784 |
| K.L.D. Jewelry, LLC | 87-4360319 |

---

[1] On September 16, 2025, Simba IL Holdings, LLC ("Simba") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Central District of California, Case No. 8:25-bk-12616-MH. Simba owns approximately 33.8% of the outstanding shares of Lugano Holding, Inc.

# UNANIMOUS WRITTEN CONSENT OF
# THE BOARD OF DIRECTORS OF
# LUGANO DIAMONDS & JEWELRY INC.

November 16, 2025

The undersigned, being all of the members of the Board of Directors (the "Board") of Lugano Diamonds & Jewelry Inc., a California corporation (the "Corporation"), acting in accordance with Section 307(b) of the General Corporation Law of the State of California and the Bylaws of the Corporation, hereby take the following action and adopt the following resolutions by unanimous written consent:

**WHEREAS,** the Board has reviewed and considered the materials presented by the management of the Corporation and the Corporation's financial and legal advisors regarding the Corporation's liabilities, liquidity situation, and strategic alternatives;

**WHEREAS**, the Board has had the opportunity to review the proposed resolutions, substantially in the form to be adopted herein, and recommendations of the Special Committee of the Board with respect to certain matters,

**WHEREAS,** matters addressed herein have been the subject of robust discussion by the Board and the Board believes that taking the actions set forth below is in the best interests of the Corporation, the creditors of the Corporation, and other stakeholders and interested parties of the Corporation;

## COMMENCEMENT OF CHAPTER 11 CASES

**NOW, THEREFORE, BE IT RESOLVED**, the Board has determined that it is desirable and in the best interests of the Corporation, the creditors of the Corporation, and other stakeholders and interested parties of the Corporation, that the Corporation file a voluntary petition (the "Petition") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

**RESOLVED FURTHER**, that the form, terms and provisions of, the execution, delivery and filing of, and the performance of the transactions and obligations contemplated by the Petition be, and they hereby are, authorized, approved and adopted in all respects and that Joshua Gaynor, President of the Corporation, Christoph Pachler, Chief Financial Officer of the Corporation, and J. Michael Issa, Chief Restructuring Officer of the Corporation (each, an "Authorized Officer," and collectively, the "Authorized Officers"), be, and hereby are, authorized, directed, and empowered on behalf of and in the name of each Corporation (a) to execute and verify the Petition

and all documents ancillary thereto, and to cause such Petition to be filed with the Bankruptcy Court commencing a chapter 11 case (the "Bankruptcy Case"), and to make or cause to be made prior to the execution thereof any modifications to such Petition or ancillary documents, and (b) to execute, verify, and file or cause to be filed all other petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents necessary, appropriate, or desirable in connection with the foregoing, with such changes, additions, and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by the Authorized Officers' execution and delivery thereof;

## FINANCING AND CASH COLLATERAL

**RESOLVED FURTHER**, the Board has determined that it is desirable and in the best interests of the Corporation, the creditors of the Corporation, and other stakeholders and interested parties of the Corporation, to obtain postpetition financing pursuant to a postpetition credit agreement (the "DIP Agreement") between the Corporation and Compass Group Diversified Holdings LLC ("CODI") and any related documents and agreements;

**RESOLVED FURTHER**, that the DIP Agreement be, and hereby is, approved and authorized, and that the Authorized Officers of the Corporation or any of them acting alone are hereby authorized, directed, and empowered to execute, deliver, and cause the Corporation to carry out the provisions of, and perform its obligations under, the DIP Agreement, substantially in the form presented to the Board, with such changes and exhibits as any of the Authorized Officers may deem necessary or appropriate in their sole and absolute discretion, the execution and delivery of the DIP Agreement by any of such Authorized Officers to be deemed conclusive evidence of such determination;

**RESOLVED FURTHER**, that all other transactions contemplated by the DIP Agreement are hereby approved and authorized, all on substantially the terms and conditions set forth in the DIP Agreement;

**RESOLVED FURTHER**, the Board has determined that it is desirable and in the best interests of the Corporation, the creditors of the Corporation, and other stakeholders and interested parties of the Corporation, to negotiate, execute, and deliver agreements for the use of cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral") of CODI;

**RESOLVED FURTHER**, to obtain the benefits of the use of Cash Collateral, the Corporation will provide certain adequate protection to CODI as documented in proposed and final orders, substantially in the form presented to the Board, with such changes and exhibits as any of the Authorized Officers may deem necessary or appropriate in their sole and absolute discretion;

## EMPLOYMENT OF PROFESSIONALS

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Keller Benvenutti Kim LLP as general bankruptcy counsel to represent and assist the Corporation in carrying out its respective duties

under the Bankruptcy Code and related matters, and to take any and all actions to advance the Corporation's rights and obligations, and other matters consistent therewith, including filing any pleadings; and in connection therewith, each of the Authorized Officers be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing the Bankruptcy Case, and cause to be filed an appropriate application for authority to retain the services of Keller Benvenutti Kim LLP;

RESOLVED FURTHER, that the law firm of Young Conaway Stargatt & Taylor, LLP ("YCST"), shall be, and hereby is, authorized, empowered, and directed to represent the Corporation, as a debtor and debtor-in-possession, in connection with the Bankruptcy Case on the terms set forth in its engagement letter with the Corporation, which are hereby ratified and approved, and to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and obligations, including to (a) execute, acknowledge, deliver, and verify the Petition and all other ancillary documents, and to cause the Petition to be filed with the Bankruptcy Court and make or cause to be made, prior to execution thereof, any modifications to the Petition or any ancillary document as the Authorized Officers deem necessary, desirable, or appropriate to carry out the intent and accomplish the purpose of these resolutions, (b) execute, acknowledge, deliver, verify, and file or cause to be filed all petitions, schedules, statements, lists, motions, applications and other papers or documents necessary or proper in connection with the foregoing, and (c) execute, acknowledge, deliver, and verify any and all other documents necessary or proper in connection therewith and to administer the Bankruptcy Case in form or forms as the Authorized Officers may deem necessary or proper in order to effectuate the purpose of the intent of the foregoing resolution; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of YCST in the Bankruptcy Case;

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized and directed to employ GlassRatner Advisory & Capital Group, LLC ("GlassRatner"), to provide professional and analytical support to the Chief Restructuring Officer in carrying out his duties as Chief Restructuring Officer, and to take any and all actions to advance the Corporation's rights and obligations, and other matters consistent therewith; and in connection therewith, each of the Authorized Officers be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing the Bankruptcy Case, and cause to be filed an appropriate application for authority to retain the services of GlassRatner;

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized and directed to employ Armory Securities, LLC as investment bankers to represent and assist the Corporation in carrying out its respective duties under the Bankruptcy Code and related matters, and to take any and all actions to advance the Corporation's rights and obligations, and other matters consistent therewith; and in connection therewith, each of the Authorized Officers be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing the Bankruptcy Case, and cause to be filed an appropriate application for authority to retain the services of Armory Securities, LLC;

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized and directed to employ Omni Agent Solutions, Inc. ("Omni"), as claims and noticing agent and as administrative agent to represent and assist the Corporation in carrying out its respective duties under the Bankruptcy Code and related matters, and to take any and all actions to advance the Corporation's rights and obligations, and other matters consistent therewith; and in connection therewith, each of the Authorized Officers be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing the Bankruptcy Case, and cause to be filed an appropriate application for authority to retain the services of Omni;

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist the Corporation in carrying out its duties under the Bankruptcy Code and related matters, and to take any and all actions to advance the Corporation's rights and obligations; and in connection therewith, each of the Authorized Officers be, and hereby is, authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon filing the Bankruptcy Case, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

## OMNIBUS AUTHORIZATIONS

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized and directed in the name and on behalf of the Corporation to execute all petitions, schedules, motions, lists, applications, pleadings, and other papers or documents, and to take any and all such other and further actions which such Authorized Officer or the Corporation's legal counsel may deem necessary, proper, or desirable in connection with the Bankruptcy Case and other matters consistent therewith, with a view to the successful prosecution of the Bankruptcy Case;

RESOLVED FURTHER, that each of the Authorized Officers be, and hereby is, authorized and directed, in the name and on behalf of the Corporation, to take such actions and to make, sign, execute, acknowledge, and deliver any and all such additional documents, agreements, affidavits, applications for approvals or rulings of governmental or regulatory authorities, motions, orders, directions, certificates, requests, receipts, financing statements, or other instruments as may be reasonably required to give effect to the foregoing resolutions and to consummate the transactions contemplated by the foregoing resolutions, to execute and deliver such instruments, and to fully perform the terms and provisions thereof;

RESOLVED FURTHER, that the Authorized Officers be, and hereby re, authorized, directed, and empowered, on behalf of and in the name of the Corporation, to perform the obligations of such Corporation under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Officers performing or executing the same shall approve, and the performance or execution thereof by the Authorized Officers shall be conclusive evidence of the approval thereof by the Authorized Officers and by the Corporation;

RESOLVED FURTHER, that the Authorized Officers be, and hereby are, authorized, directed, and empowered, in the name of and on behalf of the Corporation, to cause the Corporation to enter into, execute, deliver, certify, file, record and perform under such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, to pay all expenses, including filing fees, and to take such other actions as in the judgment of the Authorized Officers, shall be necessary, proper, and desirable to prosecute a successful completion of the Corporation's Bankruptcy Case and to effectuate the restructuring or liquidation of the Corporation's debts, other obligations, organizational form and structure and ownership of the Corporation, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of which the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions;

RESOLVED FURTHER, that the Authorized Officers be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Corporation, to take such actions and execute and deliver such documents as may be required or as the Authorized Officers may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Authorized Officers shall approve, the taking or execution thereof by the Authorized Officer being conclusive evidence of the approval thereof by the Authorized Officer and the Corporation;

RESOLVED FURTHER, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of these resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified; and

RESOLVED FURTHER, that the Secretary of the Corporation is hereby directed to file this Unanimous Written Consent, which Unanimous Written Consent may be executed in one or more counterparts with all such counterparts taken together, including a facsimile transmission of a duly executed counterpart, to constitute one and the same Unanimous Written Consent, with the minutes of the proceedings of the Corporation and is authorized to certify the passage of these resolutions.

\*   \*   \*   \*

**IN WITNESS WHEREOF**, the undersigned, constituting all of the members of the Board of Directors of the Corporation, have executed this Unanimous Written Consent effective as of the date set forth above.

_David Arnold_
David Arnold (Nov 16, 2025 14:59:13 EST)
David Arnold

Frederic Cumenal (Nov 16, 2025 15:13:23 EST)
Frederic Cumenal

_Thomas J. Fitzgerald_
Thomas FitzGerald

Joshua Gaynor (Nov 16, 2025 11:54:26 PST)
Joshua Gaynor

Christoph Pachler

Spencer Wells (Nov 16, 2025 13:53:36 EST)
L. Spencer Wells

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| LUGANO DIAMONDS & JEWELRY INC., *et al*.,[1] | Case No. 25-_____ (___) |
| Debtors. | (Joint Administration Requested) |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each, a "Debtor," and collectively, the "Debtors") hereby state as follows:

1. The Debtors' mailing address is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

2. Non-Debtor Compass Group Diversified Holdings LLC, whose mailing address is 301 Riverside Ave., Second Floor, Westport, Connecticut 06880, owns approximately 59.9% of the issued stock of Debtor Lugano Holding, Inc. ("Lugano Holding"), and non-Debtor Simba IL Holdings, LLC, whose mailing address is c/o Telos Legal Corp., 13 West Main Street, P.O. Box 953, Felton, Delaware 19943, owns approximately 33.8% of the issued stock of Lugano Holding.

3. Lugano Holding owns 100% of the equity interests in Debtor Lugano Buyer, Inc. ("Lugano Buyer").

4. Lugano Buyer owns 100% of the equity interests in Debtor Lugano Diamonds & Jewelry Inc. ("Lugano Diamonds").

5. Lugano Diamonds owns 100% of the equity interests in K.L.D. Jewelry, LLC.

6. Lugano Diamonds is the sole trustor of the non-Debtor Lugano Prive Investment Trust (the "Investment Trust"), a California revocable trust, and the Investment Trust holds 100% of the membership interests in Lugano Prive, LLC.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. federal tax identification number, to the extent applicable, are as follows: Lugano Diamonds & Jewelry Inc. (6784), Lugano Holding, Inc. (9690), Lugano Buyer, Inc. (4565), K.L.D. Jewelry, LLC (0319), and Lugano Prive, LLC (4308). The notice address for the Debtors is 620 Newport Center Dr., Ste 100, Newport Beach, California 92660.

33483698.4

**Fill in this information to identify the case:**

Debtor name: __Lugano Diamonds & Jewelry Inc., *et al.*__

United States Bankruptcy Court for the District of __DELAWARE__

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 Largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Champion Force Industrial Ltd Unit 1, 6/F, Hing Wash Ctr 82-84 Tokwawan Rd Tokwawan, Kin Hong Kong | Att: David Patish Phone: Phone Redacted Email: Email Redacted | Litigation/Trade | Contingent Unliquidated Disputed | | | $56,393,258.80 |
| 2 | Customer 5004 Address Redacted | Phone: Phone Redacted Email: Email Redacted | Diamond Claimant | Contingent Unliquidated Disputed | | | $20,011,000.00 |
| 3 | Barry Aronoff / Aronoff Capital, Inc 151 Kalmus Dr, Ste H-10 Costa Mesa, CA 92626 | Att: Barry Aronoff Phone: Phone Redacted Email: Email Redacted | Litigation/Diamond Claimant | Contingent Unliquidated Disputed | | | $13,775,706.00 |
| 4 | Avina LLC / Global Innovations, LLC Attn: Redacted 22704 Ventura Blvd, Ste 218 Woodland Hills, CA 91364 | Att: Redacted Phone: Phone Redacted Email: Email Redacted | Litigation/Diamond Claimant | Contingent Unliquidated Disputed | | | $12,430,000.00 |
| 5 | NBS Diamonds Inc dba Scarselli Diamonds Attn: Davide Scarselli 580 5th Ave, Ste 1518 New York, NY 10036 | Att: Davide Scarselli Phone: Phone Redacted | Litigation/Trade | Contingent Unliquidated Disputed | | | $10,500,000.00 |
| 6 | Paradise Plaza Associates LLC 3841 NE 2nd Ave, Ste 400 Miami, FL 33137 | Att: Chad Willard Phone: 786-871-4830 Email: Chad@dacra.com | Forbearance Agreement | | | | $10,000,000.00 |
| 7 | Kristoffer Winters Address Redacted | Phone: Phone Redacted Email: Email Redacted | Litigation/Diamond Claimant | Contingent Unliquidated Disputed | | | $8,550,000.00 |
| 8 | Customer 5010 c/o Theodora Oringher PC Attn: Todd Theodora 535 Anton Blvd, 9th Fl Costa Mesa, CA 92626-7109 | Att: Redacted Phone: Phone Redacted Email: Email Redacted | Diamond Claimant | Contingent Unliquidated Disputed | | | $7,615,336.84 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 9   Customer 5056 c/o Cokinos & Young Attn: Gregory M Cokinos 4 Houston Ctr 1221 Lamar, 16th Fl Houston, TX 77010 | Phone: Phone Redacted Email: Email Redacted | Diamond Claimant | Contingent Unliquidated Disputed | | | $7,554,000.00 |
| 10   Customer 5011 Address Redacted | Phone: Phone Redacted Email: Email Redacted | Diamond Claimant | Contingent Unliquidated Disputed | | | $6,830,000.00 |
| 11   Sydney Holdings Ltd Anderson Sq 64 Shedden Rd, 4th Fl P.O. Box 10324 Grand Cayman, KY 1-1003 Cayman Islands | Email: katherine.tathum@fivecontinents.ky; bcapitummino@woodsoviatt.com | Litigation/Diamond Claimant | Contingent Unliquidated Disputed | | | $6,449,126.67 |
| 12   Customer 5013 c/o Theodora Oringher PC Attn: Todd Theodora 535 Anton Blvd, 9th Fl Costa Mesa, CA 92626-7109 | Att: Redacted Phone: Phone Redacted Email: Email Redacted | Diamond Claimant | Contingent Unliquidated Disputed | | | $6,089,911.04 |
| 13   Cassandra Hazen & Paul Hazen Address Redacted | Phone: Phone Redacted Email: Email Redacted | Litigation/Diamond Claimant | Contingent Unliquidated Disputed | | | $5,202,265.00 |
| 14   Kaci Kelsay Address Redacted | Phone: Phone Redacted Email: Email Redacted | Litigation/Diamond Claimant | Contingent Unliquidated Disputed | | | $4,895,000.00 |
| 15   Ponte Gadea Chicago, LLC 200 S Biscayne Blvd, Ste 3250 Miami, FL 33131 | Att: Alina R Toyos Email: alinar@pontegada.com | Lease | Contingent Unliquidated Disputed | | | $3,991,585.59 |
| 16   White Mountain Capital Inc 3447 High Ridge Rd Boyton Beach, FL 33426 | Att: Redacted Phone: Phone Redacted Email: Email Redacted | Litigation/Diamond Claimant | Contingent Unliquidated Disputed | | | $3,953,590.00 |
| 17   Bank of America 520 Newport Center Dr, 10th Fl Newport Beach, CA 92660 | Att: Neshan Charshafjian Phone: 949-287-0556 Email: neshan.charshafjian@bofa.com | Credit Card | | | | $3,212,178.00 |
| 18   Customer 5019 Address Redacted | Phone: Phone Redacted Email: Email Redacted | Diamond Claimant | Contingent Unliquidated Disputed | | | $2,830,000.00 |
| 19   Customer 5020 c/o Woods Oviatt Gilman, Attn: James Pronti, Brian Capitummino 1900 Bausch & Lomb Pl Rochester, NY 14604 | Att: Redacted Phone: Phone Redacted Email: Email Redacted | Diamond Claimant | Contingent Unliquidated Disputed | | | $2,750,000.00 |
| 20   Bulley & Andrews LLC 1755 W Armitage Ave Chicago, IL 60622 | Att: Megan Kirn Phone: 773-235-2433 Email: mkirn@bulley.com | Trade | | | | $2,501,966.16 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | Customer 5022 Address Redacted | Phone: Phone Redacted Email: Email Redacted | Diamond Claimant | Contingent Unliquidated Disputed | | | $2,315,000.00 |
| 22 | Raymond W Cohen Address Redacted | Phone: Phone Redacted Email: Email Redacted | Litigation/Diamond Claimant | Contingent Unliquidated Disputed | | | $2,200,000.00 |
| 23 | Customer 5024 Address Redacted | Phone: Phone Redacted Email: Email Redacted | Diamond Claimant | Contingent Unliquidated Disputed | | | $1,862,249.80 |
| 24 | Customer 5025 Address Redacted | Phone: Phone Redacted Email: Email Redacted | Diamond Claimant | Contingent Unliquidated Disputed | | | $1,800,000.00 |
| 25 | Customer 5026 Address Redacted | Phone: Phone Redacted Email: Email Redacted | Diamond Claimant | Contingent Unliquidated Disputed | | | $1,780,000.00 |
| 26 | Customer 5027 Address Redacted | Phone: Phone Redacted Email: Email Redacted | Diamond Claimant | Contingent Unliquidated Disputed | | | $1,680,000.00 |
| 27 | Customer 5028 Address Redacted | Phone: Phone Redacted Email: Email Redacted | Diamond Claimant | Contingent Unliquidated Disputed | | | $1,630,000.00 |
| 28 | Arvielo Family Trust c/o Buchalter, PC, 1000 Wilshire Blvd, Ste 1500, Los Angeles, CA 90017-1730 | Phone: Phone Redacted Email: Email Redacted | Litigation/Diamond Claimant | Contingent Unliquidated Disputed | | | $1,550,000.00 |
| 29 | Customer 5030 Address Redacted | Phone: Phone Redacted Email: Email Redacted | Diamond Claimant | Contingent Unliquidated Disputed | | | $1,500,000.00 |
| 30 | Valley Family Trust dtd August 2, 2012 Attn: Kent Valley & Virginia Valley, Trustees Address Redacted | | Litigation/Diamond Claimant | Contingent Unliquidated Disputed | | | $1,500,000.00 |

**Fill in this information to identify the case:**

Debtor name    <u>Lugano Diamonds & Jewelry Inc.</u>

United States Bankruptcy Court for the:   <u>District of Delaware</u>

Case number (if known)   _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule* _____
☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒   Other document that requires a declaration    **Consolidated Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   <u>11/16/2025</u>    X <u>/s/ J. Michael Issa</u>
                                     Signature of individual signing on behalf of debtor

                                     **J. Michael Issa**
                                     Printed name

                                     **Authorized Signatory**
                                     Position or relationship to debtor