GARRETT S. LLEWELLYN (SBN 267427)
garrett.llewellyn@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: (310) 284-3880
Facsimile: (310) 284-3894

Amjad M. Khan (SBN 237325)
amjad@bnsklaw.com
Arun S. Avva (SBN 354481)
arun@bnsklaw.com
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
T: (310) 593-9890
F: (310) 593-9980

*Attorneys for Plaintiff
Lugano Diamonds & Jewelry Inc., by and
through the Special Committee of the Board
of Directors of Lugano Diamonds and Jewelry Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUGANO DIAMONDS & JEWELRY INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MORDECHAI FERDER, an individual acting on his own behalf, and in his capacity as Trustee of the Haim Family Trust; VAD & COMPANY, INC., a Florida corporation; and DOES 1-50,<br><br>Defendants. | Case No. 8:25-cv-02845-FWS-JDE<br><br>**PLAINTIFF LUGANO DIAMONDS & JEWELRY INC.'S NOTICE OF MOTION AND MOTION TO TRANSFER TO UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**<br><br>Date: March 19, 2026<br>Time: 10:00 a.m.<br>Courtroom: 10 D<br>Judge: Hon. Fred W. Slaughter |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** on March 19, 2026 at 10:00 a.m. or as soon thereafter as this matter may be heard in Courtroom 10D of the above-captioned court located at 411 West 4th Street, Room 1053 Santa Ana, CA 92701-4516, before the Hon. Fred W. Slaughter, Plaintiff Lugano Diamonds & Jewelry Inc. ("Lugano") will and hereby does move this Court pursuant to 28 U.S.C. § 1412 and Federal Rule of Bankruptcy Procedure 7087 for an order transferring the above-captioned matter (the "Action") to the United States District Court for the District of Delaware. This transfer is sought so the Action can then be referred to the United States Bankruptcy Court for the District of Delaware, where Lugano's Chapter 11 case styled as *In re Lugano Diamonds & Jewelry Inc., et al.,* Case No. 25-12055-BLS (the "Chapter 11 Case") is pending.

By this Motion, Lugano seeks an Order transferring venue of this Action to the United States Bankruptcy Court for the District of Delaware, pursuant to 28 U.S.C. § 1412 and Federal Rule of Bankruptcy Procedure 7087.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Garrett S. Llewellyn in support thereof, oral argument at the hearing, and any other matter that the Court deems appropriate.

This motion is made following the Local Rule 7-3 conference of counsel which took place on January 6, 2026, at which time Defendants' counsel stated that it was Defendants' position that the Action belonged in California State Court (pursuant to their motion to remand) or, were that motion unsuccessful, in the United States District Court for the District of Delaware. *See* Llewellyn Decl. ¶ 3.

1

2  Dated: January 27, 2026                               **BARNES & THORNBURG LLP**

3

4                                                                          By:  /s/ Garrett S. Llewellyn
                                                                                 Garrett S. Llewellyn
5

6                                                                          Attorneys for Plaintiff
                                                                           *Lugano Diamonds & Jewelry*
7                                                                          *Inc., by and through the Special*
                                                                           *Committee of the Board of*
8                                                                          *Directors of Lugano Diamonds*
                                                                           *and Jewelry Inc.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I. INTRODUCTION

On November 16, 2025 (the "Petition Date"), Plaintiff Lugano Diamonds & Jewelry Inc. ("Lugano") and its affiliated debtors (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). The Chapter 11 Cases have been jointly administered under lead case: *In re Lugano Diamonds & Jewelry Inc., et al.,* Case No. 25-12055-BLS, United States Bankruptcy Court for the District of Delaware (the "Chapter 11 Cases"). The Debtors are debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

On the Petition Date, this case (the "Action") was pending in California State Court. The Action alleges claims of fraud, concealment, constructive fraud, breach of fiduciary duty, civil theft, conversion, money had and received, intentional interference with contract, and voidable transfer against defendants Mordechai "Moti" Ferder ("Ferder") (individually and as trustee of the Haim Family Trust) and VAD & Company, Inc. (VAD, and collectively with Ferder, "Defendants"), and seeks compensatory damages, restitution, return of property, and punitive damages. As the Action is closely related to the Chapter 11 Cases, Lugano requests that the Court transfer the Action to the United States District Court for the District of Delaware, so that it can be referred to the United States Bankruptcy Court for the District of Delaware and overseen by the same judge as the Chapter 11 Cases.

## II. STATEMENT OF FACTS

Lugano is a designer, manufacturer, and retailer of high-end jewelry founded by Ferder and his wife, Idit Ferder in 2004. *See* Dkt. No. 1-1 [First Amended Complaint ("FAC")] ¶¶ 1-2; Llewellyn Decl. ¶ 2, Ex. 1 [Declaration of J. Michael Issa in Support of Chapter 11 Petitions and First Day Motions (the "First Day Decl.")] at ¶ 7. By 2025, Lugano expanded to operate nine retail locations – eight in the United States and one in London, UK – as well as an equestrian division and pop-up show rooms. *See* FAC ¶ 12; First Day Decl. at ¶ 10. Until early spring 2025, Lugano

appeared to be a highly profitable and rapidly growing business. First Day Decl. at ¶ 29. Unfortunately, Defendant Ferder, Lugano's former Chief Executive Officer, conspired with his son, Tom Ferder ("Tom"), to engage in fraudulent schemes outside of Lugano's retail business to steal millions of dollars from the company and expose it to significant potential liabilities and reputational harm. FAC ¶ 2.

Among other things, Ferder concealed and misrepresented the nature of numerous financing transactions he entered into with third party, high net worth individuals ("Outside Contracts"). *Id.* By their terms, the Outside Contracts created potential liabilities for Lugano, but Ferder disguised them as direct sales. *Id.* He forged invoices and sale documents, sent out empty box shipments, falsely recorded the money from the third-party individuals as revenue for Lugano, and concealed the repayment obligations from Lugano's books. *Id.* Ferder lied to Lugano officers and directors and Lugano employees to perpetuate his scheme and avoid detection. *Id.* Ferder even misappropriated Lugano funds to repay some of the third party individuals by concealing the repayments as legitimate business expenses and vendor payments. *Id.* Ferder also stole millions more from Lugano by authorizing fraudulent wire transfers to his own Haim Family Trust while providing false beneficiary information in the wire transfer documents and by stealing a valuable diamond that was on consignment to Lugano. FAC ¶¶ 3; 31-35. As a result of Ferder's fraud and concealment of the Outside Contracts from Lugano, Lugano has been exposed to numerous lawsuits from third parties and has suffered substantial reputational harm. FAC ¶ 26. Indeed, Ferder's scheme has potentially exposed Lugano to over $100 million in liability. FAC ¶ 2.

In April 2025, there was an internal investigation into the financing, accounting, and inventory practices of one of the affiliated debtors, Lugano Holdings, Inc. *See* FAC ¶ 36; First Day Decl. at ¶ 30. At the time, Ferder was in Tel Aviv, Israel. Faced with the prospect of the full depth of his fraudulent activities coming to light and being terminated for cause, Ferder chose to resign as CEO of Lugano in May

2025. Since then, he has remained in Tel Aviv and has not returned to the United States. FAC ¶ 36. Within weeks of disclosing the internal investigation, the Debtors heard from close to sixty (60) persons asserting substantial claims relating to alleged transactions entered into by Ferder. *See* First Day Decl. ¶ 31. As explained above, these transactions, which were outside of the Debtors' ordinary course of business, were agreements in which a third party could co-invest in a loose diamond, ostensibly for resale at a significant profit. *See id.* ¶ 31. In addition, it was discovered that Ferder stole millions from Lugano by authorizing fraudulent wire transfers to his own Haim Family Trust. *See generally* FAC. Following the investigation, on June 24, 2025, Lugano commenced this Action.

Lugano's mounting liabilities led to the Debtors initiating the Chapter 11 Case. *See generally* First Day Decl. Prior to the Petition Date, the Debtors and their professionals worked to identify parties who might be interested in a purchase or financing transaction with the Company. *Id.* at ¶ 50. The Bankruptcy Court approved the Debtors' sale motion such that the Debtors recently consummated a sale of substantially all their tangible assets and inventory.

While this transaction was in the best interest of the estate and has brought funds into the estate, this Action seeks to, among other things, recover funds that were fraudulently transferred and should rightfully be property of the estates. Any recovery in this Action will have a significant effect on the amount of funds available for general unsecured creditors of the estates. Furthermore, on January 27, 2025, Ferder filed a motion in the Chapter 11 Cases seeking relief from the automatic stay to pursue compulsory counterclaims against the Debtors. *See* Ex. 2 (the "Stay Relief Motion").

### III. THE COURT SHOULD TRANSFER THIS ACTION

Lugano seeks a transfer of this Action pursuant to 28 U.S.C. § 1412. Defendant only conditionally opposes the transfer. *See* Llewellyn Decl. ¶ 3. But transfer is warranted under any circumstances.

Section 1412 states that a "district court may transfer a case or proceeding under

title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412; *see also Thomason Auto Group, LLC v. Ferla*, Civ. Act. No. 08-4143 (JLL), 2009 WL 3491163, at *4 (D.N.J. Oct. 23, 2009) ("for actions 'related to' bankruptcies, many courts maintain that 28 U.S.C. § 1412 governs"); *A.B. Real Estate v. Bruno's, Inc. (In re Bruno's Inc.)*, 227 B.R. 311, 323 (Bankr. N.D. Ala. 1998) ("most courts look to 28 U.S.C. § 1412 for authority to determine the outcome of a motion to transfer venue of a cause of action removed to the bankruptcy court.") (collecting cases); *Howard Brown Co. v. Reliance Ins. Co.*, 66 B.R. 480, 482 (E.D. Pa. 1986) (transferring case based on "the general rule that the court where the bankruptcy case is pending is the proper venue for all related proceedings within the court's jurisdiction"). "Because section 1412 is phrased in the disjunctive, transfer may be appropriate even where one factor is not present or weighs somewhat against transfer." *Humana Inc. v. Mallinckrodt ARD LLC*, No. CV196926DSFMRWX, 2021 WL 10894078, at *1 (C.D. Cal. June 28, 2021); *see also Creekridge Capital, LLC v. Louisiana Hosp. Ctr., LLC,* 410 B.R. 623, 629 (D. Minn. 2009) ("transfer under § 1412 requires a sufficient showing that granting the transfer either will be in the interest of justice or for the convenience of the parties."). Here, transfer is appropriate under § 1412 because the Action relates to a "proceeding under title 11," namely the Chapter 11 Case, and transfer serves the interests of justice.

### A.     This Action is Related to the Chapter 11 Case.

"Bankruptcy jurisdiction extends to four types of title 11 matters: (1) cases 'under' title 11; (2) proceedings 'arising under' title 11; (3) proceedings 'arising in' a case under title 11; and (4) proceedings 'related to' a case under title 11." *Stoe v. Flaherty*, 436 F.3d 209, 216 (3d Cir. 2006). The Action is related to the Chapter 11 Cases and therefore bankruptcy jurisdiction exists.

A proceeding is "related to" a bankruptcy case if "the outcome of the proceeding could *conceivably* have an effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1984), *overruled on*

*other grounds by Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 129 (1995). Because the Chapter 11 Cases are pending in the District of Delaware, Lugano primarily looks to the Third Circuit's interpretation of related-to jurisdiction but the Ninth Circuit also applies the *Pacor* test. *See In re Deitz,* 760 F.3d 1038, 1053 (9th Cir. 2014). The *Pacor* test is broad and asks, "whether the allegedly related lawsuit would affect the bankruptcy without the intervention of yet another lawsuit." *In re W.R. Grace & Co.,* 519 F.3d 164, 172 (3d Cir. 2009). Thus, "if the bankruptcy estate could suffer any conceivable benefit or detriment as a result of the determination of [the proceeding], bankruptcy jurisdiction exists." *In re Michigan Real Estate Ins. Trust*, 87 B.R. 447, 458 (Bankr. E.D. Mich. 1987). "A key word in this test is 'conceivable.' Certainty, or even likelihood, is not a requirement." *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 267 (3d Cir. 1991). A related-to case represents "the broadest of the potential paths to bankruptcy jurisdiction." *In re Resorts Int'l, Inc.*, 372 F.3d 154, 163 (3d Cir. 2004).

Here, it is clear that this Action is 'related to' the Chapter 11 Cases. The Action seeks to, among other things, recover funds that were fraudulently transferred and should rightfully be property of the estates and recover a diamond loaned to Lugano on consignment, which recovery would substantially reduce the liabilities of the estates. Any recovery in this Action will have a large effect on the amount of funds available for general unsecured creditors of the estates.

The Stay Relief Motion also shows that this Action is 'related to' the Chapter 11 Cases as it seeks relief to assert compulsory counterclaims against a chapter 11 debtor, which unequivocally would affect the Chapter 11 Cases. Furthermore, as shown in the Stay Relief Motion, these claims purport to have arisen pre-petition and therefore should be asserted as claims (as defined by 11 U.S.C. §§ 101(5), 501) against the Debtors and dealt with accordingly. This alone demonstrates the effect on the Chapter 11 Cases because the claims process is at the heart of bankruptcy court's jurisdiction. *See, e.g., In re Yellow Corp.*, Case No. 23-11069, 2024 WL 1313308, at

* 10 (Bankr. D. Del. Mar. 27, 2024) (citing *Garner v. New Jersey*, 329 U.S. 565, 574 (1947)).

### B. Transfer to the Bankruptcy Court is in the Interest of Justice.

When deciding whether a motion to transfer is in the interests of justice under § 1412, courts consider the following factors: (1) the economics of estate administration; (2) the presumption in favor of the "home court"; (3) judicial efficiency; (4) the ability to receive a fair trial; (5) the state's interest in having local controversies decided within its borders by those familiar with its laws; (6) the enforceability of the judgment; and (7) the plaintiff's original choice of forum, although this last factor is tempered by the presumption in favor of the home court. *Jacobsen v. Bank of Am. Corp.*, No. C 10-03551 JSW, 2010 WL 11552987, at *2 (N.D. Cal. Nov. 1, 2010) (collecting cases). The "home court" is the court where the debtor's bankruptcy case is pending, and the most important of these factors is "the economic and efficient administration of the estate." *Id*. The "interest of justice" prong is "a broad and flexible standard which must be applied on a case-by-case basis." *Gulf States Exploration Co. v. Manville Forest Products Corp. (In re Manville Forest Products Corp.)*, 896 F.2d 1384, 1391 (2d Cir. 1990). Here, the majority of these factors, including the most important, weigh in favor of transfer.

There is a presumption that this Action should be transferred to the District of Delaware because that is the "home court." *SenoRx, Inc. v. Coudert Bros., LLP*, No. C-07-1075-SC, 2007 WL 2470125, at *1 (N.D. Cal. August 27, 2007); *see also Howard Brown*, 66 B.R. at 482 (there is a "general rule that the court where the bankruptcy case is pending is the proper venue for all related proceedings within the court's jurisdiction"). As that court is charged with administering the estate, judicial efficiency and the economics of estate administration counsel toward transfer. Because the Action is 'related to' the Chapter 11 Cases, economics of estate administration favor transfer so that the proceedings are centralized and the Bankruptcy Court is able to determine factually similar and related claims. *See, e.g.,*

*Baca v. Patriot Nat'l, Inc.*, No. 17-CV-03508-SK, 2018 WL 10435228, at *3 (N.D. Cal. June 19, 2018); *Harris v. Vianda, LLC*, No. 8:10-cv-01481-CJC-CW, 2011 WL 13227850, at *3 (C.D. Cal. Jan. 21, 2011). Here, as is shown even by Ferder's own Stay Relief Motion, transferring this Action promotes judicial economy because the Bankruptcy Court can oversee both this Action and any claims Ferder has against the Debtors. Further, the Debtors are investigating other claims against third parties that will be based on similar and overlapping facts and the Debtors intend to pursue these claims in the Bankruptcy Court.

Further, both this Action and the Chapter 11 Case are relatively early in their administration. Neither this Court nor the State Court has decided anything substantive in either matter—in fact, Defendants have not yet answered the FAC – a fact that Ferder admits in the Stay Relief Motion. *See* Stay Relief Motion, ¶ 60 ("[T]he Plaintiff has only recently filed its Amended Complaint."). In other words, the U.S. Bankruptcy Court receiving this Action will not be at a disadvantage to this Court in getting up to speed on the case. *Accord Humana Inc.*, 2021 WL 10894078, at *3 (finding judicial efficiency in transfer where Court had only decided two motions to dismiss over the course of two years). Finally, while the plaintiff's original choice of forum is a factor, here it is Lugano, the Plaintiff, who is seeking a transfer. Therefore, that factor also weighs toward transfer. As the Action is only in its infancy and, now, in light of the Stay Relief Motion (which contradicts itself in several respects) and Ferder's desire to assert claims directly against Lugano as a Chapter 11 debtor under the exclusive jurisdiction of the Bankruptcy Court, it appears even Ferder acknowledges the Action belongs in the Bankruptcy Court. By asserting compulsory counterclaims against a Chapter 11 debtor, Ferder has disabled himself from opposing a transfer of venue to the District of Delaware and from seeking a remand to the State Court.

The remaining factors are neutral. The parties will be able to receive a fair trial and the judgment will be enforceable in either court. And while the state may have an

interest in having local controversies decided locally, as in *Humana*, there is no reason to doubt that the District of Delaware can fairly adjudicate this Action. *Id*.

As transfer is clearly in the interest of justice, the Action should be transferred to the U.S. District Court for the District of Delaware pursuant to 28 U.S.C. § 1412, which would allow Ferder's claims against the Debtors and the Action to be determined efficiently in the most appropriate forum.

## IV. CONCLUSION

For the reasons stated herein, Lugano respectfully requests that the Court order this case transferred to the United States District Court for the District of Delaware for referral to the United States Bankruptcy Court for the District of Delaware.

Dated: January 27, 2026

**BARNES & THORNBURG LLP**

By: /s/ Garrett S. Llewellyn
Garrett S. Llewellyn

Attorneys for Plaintiff
*Lugano Diamonds & Jewelry Inc., by and through the Special Committee of the Board of Directors of Lugano Diamonds and Jewelry Inc.*