Jeffrey H. Reeves (SBN 156648)
jreeves@reevesandweiss.com
Daniel L. Weiss (SBN 242022)
dweiss@reevesandweiss.com
**REEVES & WEISS LLP**
3333 Michelson Drive, Suite 300
Irvine, CA 92612
Telephone: (949) 200-7790

Sandford L. Frey (CA Bar No. 117058)
sandford.frey@stinson.com
Dennette A. Mulvaney (CA Bar No. 133423)
dennette.mulvaney@stinson.com
**STINSON, LLP**
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Telephone: (310) 730-7020

Attorneys for Defendant MORDECHAI FERDER, an individual acting on his own behalf, and in his capacity as Trustee of the Haim Family Trust

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUGANO DIAMONDS & JEWELRY INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MORDECHAI FERDER, an individual acting on his own behalf, and in his capacity as Trustee of the Haim Family Trust; VAD & COMPANY, INC., a Florida corporation; and DOES 1-50,<br><br>Defendants. | Case No. 8:25-cv-02845-FWS-JDE<br><br>[Assigned to the Honorable Fred W. Slaughter]<br><br>**OPPOSITION TO PLAINTIFF LUGANO DIAMONDS & JEWELRY INC.'S MOTION TO TRANSFER TO UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE**<br>[*Declaration of Jeffrey H. Reeves Filed Concurrently Herewith*]<br><br>**DATE: March 19, 2026**<br>**TIME: 10:00 a.m.**<br>**CTRM: 10D** |

1

*OPPOSITION TO PLAINTIFF LUGANO DIAMONDS & JEWELRY INC.'S MOTION TO TRANSFER TO UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE*

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................4

II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY .......................5

III. ARGUMENT .....................................................................................................7

   A. A transfer is not in the interest of justice...........................................................7

   B. A transfer would be contrary to the convenience of the parties ......................11

IV. CONCLUSION ................................................................................................12

2

*OPPOSITION TO PLAINTIFF LUGANO DIAMONDS & JEWELRY INC'S MOTION TO TRANSFER TO UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE*

# TABLE OF AUTHORITIES

Cases                                                                                                                         Page(s)

*A.B. Real Estate v. Bruno's, Inc.*,
  227 B.R. 311 (Bankr. N.D. Ala. 1998) .............................................................. 8, 11
*Flexible Funding Ltd. Liab. Co. v. Marquez Bros. Enters.*,
  2022 Bankr. LEXIS 1366 (Bankr. N.D. Cal. May 11, 2022) ................................ 10
*Gentry Steel Fabrication, Inc. v. Howard S. Wright Constr. Co.*,
  325 B.R. 311 (Bankr. M.D. Ala. 2005) .............................................................. 8, 9
*Gulf States Expl. Co. v. Manville Forest Products Corp.*,
  896 F.2d 1384 (2d Cir. 1990) .................................................................................. 7
*In re Mann*,
  907 F.2d 923 (9th Cir. 1990) ................................................................................... 9
*TIG Ins. Co. v. Smolker*,
  264 B.R. 661 (Bankr. C.D. Cal. 2001) ......................................................... 7, 10, 11
*Unico Holdings v. Nutramax Prods.*,
  264 B.R. 779 (Bankr. S.D. Fla. 2001) .................................................................... 10

Statutes

28 U.S.C. § 1334(c)(2) ............................................................................................... 4
28 U.S.C. § 1412 ........................................................................................................ 7
28 U.S.C. § 1452 ........................................................................................................ 4
28 U.S.C. § 157(c)(1) ............................................................................................ 9, 10
28 U.S.C. § 157(e) .................................................................................................... 10

Rules

Federal Rule of Civil Procedure 45 ..................................................................... 4, 12

# I. INTRODUCTION

Lugano seeks to change the venue after choosing Orange County, California, for this dispute, which involves a California corporation suing its California-based founder over actions that took place in California, under a contract requiring litigation in Orange County. Lugano had been litigating this case in Orange County Superior Court for months before it sought transfer.

Now, after filing for bankruptcy in Delaware, Lugano seeks to move the case across the country, claiming it serves the 'interest of justice.' In fact, justice is better served by honoring contracts, promoting judicial efficiency, and respecting California's interest in resolving its own disputes. Transferring the case would contravene expectations, delay resolution, risk inconsistent outcomes due to overlap with ongoing California proceedings, and undermine California's public policy interest in adjudicating disputes involving its corporations and residents. The contract requires an Orange County court, the action is based on California law, and at least eight related cases are pending in Orange County, six before a single judge familiar with the facts. Transfer would be inefficient and prejudicial to Mr. Ferder, limiting his ability to compel California witnesses under Federal Rule of Civil Procedure 45(c). This would disadvantage his case and risk inconsistent rulings, increasing burdens on the parties and the court. These factors strongly favor keeping the case in the agreed forum.

Lugano's transfer motion should be denied. And as set forth in Mr. Ferder's previously filed motion,[1] this case should be remanded to the Orange County Superior Court where it belongs.

---

[1] On January 27, 2026, Mr. Ferder filed a Motion to Abstain From Hearing State Court Action (28 U.S.C. § 1334(c)(2) (Mandatory Abstention); or in the Alternative, to Remand Removed Action (28 U.S.C. § 1452) ("**Remand Motion**"). In addition, on January 27, 2026, Defendant filed a Motion for Relief from the Automatic Stay in the United States Bankruptcy Court for the District of Delaware (Bankruptcy Dkt No. 312) ("**Stay Motion**") seeking stay relief to file compulsory

4

*OPPOSITION TO PLAINTIFF LUGANO DIAMONDS & JEWELRY INC'S MOTION TO TRANSFER TO UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE*

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case is based in Orange County. Mr. Ferder founded Lugano in Newport Beach in 2005, and it remains a California corporation headquartered here. (Reeves Decl. ¶¶ 2, 3, Ex. A (FAC) ¶ 6.) The parties' Employment Agreement includes a mandatory forum-selection clause that states: "All disputes relating to this Agreement, Executive's employment or other service with the Company … shall be heard in the state or federal courts located in Orange County, California." (Reeves Decl. ¶ 4, Ex. C at 12.) The agreement also requires California law to apply. (*Id.*)

Lugano filed this action in Orange County Superior Court on June 24, 2025, and amended its complaint on November 26, 2025, after filing for bankruptcy. (Reeves Decl. ¶ 3, Ex. A, Ex. B.) The lawsuit alleges Mr. Ferder breached his duties regarding certain financing agreements. (Reeves Decl. ¶ 3, Ex. A ¶¶ 17–19.) Mr. Ferder denies this, arguing that Lugano and its majority owner, Compass Diversified, were not only aware of these industry practices, but intentionally left them in place because they were financially beneficial to Compass and its corporate manager. While Mr. Ferder is experienced in diamonds, he lacked public company management experience and relied on Compass's public company expertise for SEC and GAAP compliance. Lugano was a party to the financing contracts, and all funds received were reflected in its financials. Every dollar from these financings went to Lugano, and Mr. Ferder intends to prove this in his counterclaims.

This is hardly an isolated dispute. It is one of ten related actions pending in Orange County, six of which are before the Honorable Jonathan Fish.[2] (Reeves

---

counterclaims against Lugano and others in defense of the action against him.

[2] *Bryan Gadol v. Mordechai Ferder*, Case No. 30-2025-01488102-CU-BC-CJC (stay filed by Lugano); *Raymond W. Cohen v. Lugano Diamonds & Jewelry Inc.*, Case No. 30-2025-01490111-CU-BC-CJC; *Ken Kraus v. Lugano Diamonds & Jewelry, Inc.*, Case No. 30-2025-014901065-CU-BC-CJC (stay filed by Lugano); *Barry Aronoff v. Mordechai Ferder*, Case No. 30-2025-01490509-CU-FR-CJC (stay filed by Lugano); *Lugano Diamonds & Jewelry Inc. v. Mordechai Ferder*, Case No.

Decl. ¶ 5.) These cases all arise from the same core facts. Moreover, all five law firms representing Lugano and Mr. Ferder in these matters are based in Los Angeles and Orange County.[3] The parties have already conducted a JAMS mediation in Orange County, and while the case was pending there, Mr. Ferder served discovery and issued nineteen third-party subpoenas. (Reeves Decl. ¶ 7.)

On November 16, 2025, Lugano filed for Chapter 11 bankruptcy in Delaware, basing venue on an affiliate incorporated there, rather than in California. (Reeves Decl. ¶ 3, Ex. B, *Lugano Diamonds & Jewelry Inc.*, Case No. 25-12055 (BLS) Voluntary Petition for Bankruptcy.) On December 22, 2025, Lugano removed this action to this Court.[4] (Dkt. 1.) For related cases in which it is a defendant, Lugano invoked the automatic stay. This selective use of federal jurisdiction suggests forum-

---

30-2025-01492210-CU-CO-CJC; *Avina LLC v. Lugano Diamonds & Jewelry, Inc.*, Case No. 30-2-25-1495834-CU-FR-CJC; *The Arvielo Family Trust v. Lugano Diamonds & Jewelry Inc.*, Case No. 30-2025-01506931-CU-BC-CJC (stay filed by Lugano) (Judge Manssourian) and *Champion Force Industrial Limited v. Lugano Diamonds & Jewelry Inc.*, Case No. 30-2025-01499613-CU-BC-CJC (Stay filed by Lugano) (Judge Leal); *Sydney Holdings Limited v. Lugano Diamonds & Jewelry, Inc.*, Central Dist. CA, Case No. 8:25-cv-01879-FWS-KES (Stay filed by Lugano) (Judge Fred Slaughter); *Kristoffer Winters v. Lugano Diamonds & Jewelry, Inc.*, Central Dist. CA, Case No. 8:25-cv-01202-DOC-DFM (Stay filed by Lugano) (Judge David Carter).

[3] 6.    The following five firms represent Lugano and Mr. Ferder in these matters, all of whic are based in Los Angeles and Orange County: Keller Benvenutti Kim LLP, Brown Neri Smith & Khan LLP, Barnes & Thornburg LLP, Reeves & Weiss LLP, and Stinson, LLP. (Reeves Decl. ¶ 6.)

[4] Although not required to do so because Mr. Ferder has not yet responded to the Amended Complaint, as a precautionary measure he filed a Bankruptcy Rule 9027(e)(3) statement with the Court in which he confirmed that the removed action was noncore and that he does not consent to entry of final orders and judgment by a bankruptcy judge.

6

OPPOSITION TO PLAINTIFF LUGANO DIAMONDS & JEWELRY INC'S MOTION TO TRANSFER TO UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

shopping rather than efficiency. Lugano's actions disrupt the administration of justice and complicate related proceedings across jurisdictions.[5]

To address venue and jurisdictional issues, counsel for the parties met and conferred regarding the instant motion on January 6, 2026, and again on January 14, 2026. The parties were unable to resolve their disagreement regarding the proper forum for this action. (Reeves Decl. ¶ 8.) Lugano's suggestion that Mr. Ferder's counsel agreed to a Delaware transfer if the Remand Motion were denied (Dkt. 23 at 2), misrepresents the conversation and Mr. Ferder's position. To avoid any doubt, Mr. Ferder's position remains that the case belongs in Orange County Superior Court and, if remand is denied, the action should stay in this Court, as the forum-selection clause requires. Delaware is the least efficient and most prejudicial forum.

### III.  ARGUMENT

A party seeking to transfer venue under 28 U.S.C. § 1412 must show, by a preponderance of the evidence, that the transfer is in the interest of justice or for the convenience of the parties. 28 U.S.C. § 1412. The inquiry is fact-intensive and discretionary. *TIG Ins. Co. v. Smolker*, 264 B.R. 661, 668 (Bankr. C.D. Cal. 2001). The party seeking the change or transfer of venue bears the burden of showing that the transfer is appropriate under the relevant standards. *Gulf States Expl. Co. v. Manville Forest Products Corp.*, 896 F.2d 1384, 1390-91 (2d Cir. 1990). Here, Lugano fails to carry its heavy burden. Nearly every relevant factor weighs decisively against transfer.

**A.   A transfer is not in the interest of justice.**

The interest of justice is not served by transferring this action to Delaware. Courts weigh several factors to determine whether a transfer serves the interest of

---

[5] Mr. Ferder denies the allegations made against him and intends to file counterclaims against Lugano and others. The counterclaims will be California law-based claims that a state court can adjudicate. Lugano's reliance on the Stay Motion for any evidence in support of the Transfer Motion is misplaced.

7

OPPOSITION TO PLAINTIFF LUGANO DIAMONDS & JEWELRY INC'S MOTION TO TRANSFER TO UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

justice: "(1) Economics of estate administration; (2) Presumption in favor of the 'home court'; (3) Judicial efficiency; (4) Ability to receive a fair trial; (5) The state's interest in having local controversies decided within its borders by those familiar with its laws; (6) Enforceability of any judgment rendered; (7) Plaintiff's original choice of forum." *A.B. Real Estate v. Bruno's, Inc.*, 227 B.R. 311, 324-25 (Bankr. N.D. Ala. 1998). A holistic analysis of these factors shows that justice requires denying transfer.

First, Lugano has not shown that litigating in California, as required by the employment agreement, would cost more or cause economic hardship to the bankruptcy estate, compared to Delaware. Lugano has already sold nearly all tangible assets and inventory in the bankruptcy cases. (Reeves Decl. ¶ 9, Ex. D.) Lugano has not demonstrated that litigating in California, the forum Lugano chose in the employment agreement and where it filed its two complaints, will prejudice the estate's ability to liquidate assets.

Second, Lugano relies on the presumption favoring the "home court"—the district where the bankruptcy is pending. (Dkt. 23 at 6.) But this presumption is not the mandate that Lugano makes it out to be. Legislative history shows Congress did not intend for bankruptcy proceedings to be heard only by the home court. Richard A. Gibson, *Home Court, Outpost Court: Reconciling Bankruptcy Case Control with Venue Flexibility in Proceedings*, 62 Am. Bankr. L.J. 37, 38 (1988) (citing H.R. REP. NO. 595, 95th Cong., 1st Sess. 446-47 (1977)); *In re Bruno's, Inc.* at 327. The presumption is further weakened when the proceeding is merely 'related to' the bankruptcy case, not a core proceeding. *Gentry Steel Fabrication, Inc. v. Howard S. Wright Constr. Co.*, 325 B.R. 311, 319 (Bankr. M.D. Ala. 2005).

As Lugano concedes, this is a non-core proceeding. (Dkt. 1 at 3.) Its claims for fraud and breach of fiduciary duty arise solely under California law and could exist independent of bankruptcy. The true "home" of this dispute is Orange County, where the parties, evidence, and conduct are located. The rationale for the home

1  court presumption—familiarity with the issues and law—is reversed here. *Gentry*
2  *Steel,* 325 B.R. at 326-27. A Delaware court would need to learn California law,
3  while the Orange County Superior Court is already well-versed.
4        Even if Lugano argues this action is "related to" the Lugano bankruptcy, a
5  bankruptcy judge cannot issue a final judgment in non-core related proceedings
6  without all parties' consent. Instead, the judge must submit proposed findings to the
7  district court, which reviews them *de novo*. 28 U.S.C. § 157(c)(1); *In re Mann* (9th
8  Cir. 1990) 907 F.2d 923, 925-926. The Delaware district court would not have more
9  familiarity with California law than this Court or the Orange County Superior Court,
10 and the extra review layer increases the risk of inconsistent interpretations of
11 California law, undermining judicial efficiency and fairness.
12       Third, judicial efficiency overwhelmingly favors California. Transfer would
13 create staggering inefficiency rather than resolve it. The California courts,
14 particularly those already familiar with the parties and facts, are uniquely positioned
15 to manage this litigation expeditiously. In contrast, transferring the case to Delaware
16 would require a new court to duplicate efforts, review extensive records, and
17 become acquainted with complex factual and legal issues, resulting in unnecessary
18 delays and increased litigation costs for all parties. Judicial resources would be
19 wasted, and the risk of inconsistent rulings would be heightened.
20       Transferring this case would ensure piecemeal litigation. Six related cases
21 from the same facts are already before the Honorable Jonathan Fish in Orange
22 County Superior Court, who has overseen their coordination and conducted multiple
23 joint status conferences. (Reeves Decl. ¶ 10.) Removing this case from the
24 coordinated group and sending it to a court unfamiliar with the facts is inefficient.
25 Such fragmentation increases the risk of inconsistent judgments, duplicative
26 discovery, and undermines judicial economy.
27       In addition, Mr. Ferder has a right to a jury trial and will not consent to one
28 before a bankruptcy judge. Because this is a non-core proceeding, the case would

first go before a Delaware bankruptcy judge for pretrial matters, who would submit proposed findings to a Delaware district judge for de novo review. 28 U.S.C. § 157(c)(1). For trial, a Delaware district judge would preside, requiring them to become familiar with years of litigation involving complex California law. 28 U.S.C. § 157(e). The Orange County Superior Court or this Court can handle the entire case, ensuring continuity, efficiency, and protection of the parties' constitutional rights.

Fourth, California's interest in this local controversy is paramount. This factor strongly favors denying Lugano's motion. *Unico Holdings v. Nutramax Prods.*, 264 B.R. 779, 784 (Bankr. S.D. Fla. 2001) (finding the state where the case was filed had the greatest interest because both parties had substantial ties, the controversy occurred there, and the causes of action were based in state law). This is a California dispute: Lugano is a California corporation, the conduct occurred in California, and the ten causes of action arise from California law. California has the greatest interest in applying its laws to a dispute between its residents about a business operating within its borders.

Fifth, Lugano's original choice of forum was California. Lugano argues that because the plaintiff chose the original forum, this factor should weigh in its favor to transfer. (Dkt. 23 at 7.) This logic is tortured and contrary to established precedent. *See Flexible Funding Ltd. Liab. Co. v. Marquez Bros. Enters.*, No. 22-03016-DM, 2022 Bankr. LEXIS 1366, at *2-3 (Bankr. N.D. Cal. May 11, 2022) (stating that "[t]here is nothing convenient about making defendant travel to Texas to defend a case [Plaintiff/Debtor] initiated in California"). Lugano chose to sue in California. It cannot now use its own change of heart as a sword. As the court in *Flexible Funding* noted, a plaintiff's alleged misfortune "is not a justification for denying defendants of their ability to defend the actions in the proper forum where [the plaintiff] started them." *Id.* This factor weighs heavily against transfer. *TIG Ins.*, 264 B.R. at 669

OPPOSITION TO PLAINTIFF LUGANO DIAMONDS & JEWELRY INC'S MOTION TO TRANSFER TO UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

(holding all factors but the "home court" were either neutral or weighed against transfer where the debtor had initiated the case in the current forum).

Sixth, the other factors—ability to receive a fair trial and enforce a judgment—are neutral. *TIG Ins.*, 264 B.R. at 669 ("Presumably, the parties would be able to receive a fair trial in either forum and could enforce any judgments they obtained, whether entered by the Los Angeles Superior Court or the District Court in Delaware.") There is no evidence that either forum presents unique barriers to a fair adjudication or enforcement. Both California and Delaware courts can handle complex commercial disputes and enforce judgments under the Full Faith and Credit Clause. Thus, these factors do not support transfer and reinforce keeping the action in California, where the parties and evidence are located.

**B.     A transfer would be contrary to the convenience of the parties.**

The convenience factors—location of the parties, access to evidence, witness convenience, and related expenses—all strongly favor California. *In re Bruno's, Inc.*, 227 B.R. at 330-31. Lugano is a California corporation and all law firms are in California. The majority of the evidence and documents are located here. Moreover, the practical realities of modern litigation, such as the need for in-person witness testimony, access to original documents, and the ability to coordinate with local counsel, underscore California's suitability. There is no comparable concentration of parties, counsel, or evidence existing in Delaware, and Lugano has not shown any significant connection to that state.

Mr. Ferder founded Lugano in Newport Beach in 2005, and it remains a California corporation with its principal place of business there. Reeves Decl., Ex. A, FAC ¶ 6. The Employment Agreement, which defines the parties' relationship, contains a mandatory forum-selection and choice-of-law provision requiring all disputes to be heard in Orange County, California, and mandates the application of California law to all issues of construction and validity.

Most key witnesses are also located in California, including Lugano's CEO, Josh Gaynor. The law firms involved in the 2021 Compass acquisition—Gibson, Dunn & Crutcher LLP for the buyer and Holland & Knight LLP for the seller—will likely be witnesses, and they both have substantial California offices, not Delaware ones.

Transferring this case to Delaware would be highly prejudicial. Federal Rule of Civil Procedure 45 limits this Court's subpoena power over unwilling third-party witnesses. A California court can compel these witnesses to appear; a Delaware court cannot. Denying Mr. Ferder the ability to compel live testimony from essential California witnesses is unfair and impairs his defense. Lugano has not identified any witnesses or evidence in Delaware. This factor strongly favors denying transfer.

Each cause of action arises under California law, and none of the alleged events occurred in Delaware. The case does not require interpretation of the Bankruptcy Code or any federal statute. California law will govern, making a California judge the most appropriate to preside.

Because California is the proper and logical forum, the motion appears more tactical than practical. Transferring the case would require Mr. Ferder's counsel to retain local counsel and travel to Delaware, imposing significant burden and cost.

### IV.   CONCLUSION

Lugano has not shown that transfer serves justice or party convenience. The contract, governing law, judicial economy, and fairness all require this case to remain in California. Lugano chose Orange County as the forum and should not now be permitted to move the case. Allowing transfer would undermine contractual expectations, waste judicial resources, and encourage forum-shopping.

///

///

For these reasons, Lugano's motion should be denied, and this action should be remanded to the Orange County Superior Court as argued in Mr. Ferder's remand motion.

DATED: February 17, 2026

REEVES & WEISS LLP

By: /s/ Reeves

Jeffrey H. Reeves
Daniel L. Weiss
Attorneys for Defendant MORDECHAI FERDER, an individual acting on his own behalf, and in his capacity as Trustee of the Haim Family Trust

13

OPPOSITION TO PLAINTIFF LUGANO DIAMONDS & JEWELRY INC'S MOTION TO TRANSFER TO UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE