GARRETT S. LLEWELLYN (SBN 267427)
garrett.llewellyn@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone:  (310) 284-3880
Facsimile:  (310) 284-3894

Amjad M. Khan (SBN 237325)
amjad@bnsklaw.com
Arun S. Avva (SBN 354481)
arun@bnsklaw.com
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
T: (310) 593-9890
F: (310) 593-9980

*Attorneys for Plaintiff
Lugano Diamonds & Jewelry Inc., by and
through the Special Committee of the Board
of Directors of Lugano Diamonds and Jewelry Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUGANO DIAMONDS & JEWELRY INC., a California corporation,<br><br>             Plaintiff,<br><br>     v.<br><br>MORDECHAI FERDER, an individual acting on his own behalf, and in his capacity as Trustee of the Haim Family Trust; VAD & COMPANY, INC., a Florida corporation; and DOES 1-50,<br><br>             Defendants. | Case No. 8:25-cv-02845-MRA<br><br>**PLAINTIFF LUGANO DIAMONDS & JEWELRY INC.'S OPPOSITION TO DEFENDANT MORDECHAI FERDER'S MOTION FOR REMAND**<br><br>[*Declaration of Garrett S. Llewellyn filed concurrently herewith*] |

## I. INTRODUCTION

Defendant Mordechai "Moti" Ferder ("Ferder") attempts to characterize this dispute as a simple "local business matter" invoking the image of a quaint dispute pertaining to a mom-and-pop shop. The reality is far from that. This case (the "Action"), brought by Lugano Diamonds & Jewelry, Inc. ("Lugano"), alleges damages of hundreds of millions of dollars arising from claims of fraud, concealment, constructive fraud, breach of fiduciary duty, civil theft, conversion, money had and received, intentional interference with contract, and voidable transfer against Ferder (individually and as trustee of the Haim Family Trust) and VAD & Company, Inc. ("VAD", collectively with Ferder, the "Defendants").

Lugano filed this Action after an internal investigation into the financing, accounting, and inventory practices of one of its affiliates, Lugano Holdings, Inc. The investigation showed that, among other things, Ferder concealed and misrepresented the nature of numerous financing transactions he entered with third-party, high net worth individuals ("Outside Contracts"). By their terms, the Outside Contracts created potential liabilities for Lugano, but Ferder disguised them as direct sales. He forged invoices and sale documents, sent out empty box shipments, falsely recorded the money from the third-party individuals as revenue for Lugano, and concealed the repayment obligations from Lugano's books. This wide-spread, far-reaching, and sophisticated fraud ultimately contributed to Lugano and affiliated companies filing for bankruptcy protection.

On November 16, 2025 (the "Petition Date"), Lugano and its affiliated debtors, including Lugano Holdings, (collectively, the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The cases are jointly administered under lead case: *In re Lugano Diamonds & Jewelry Inc., et al.,* Case No. 25-12055-BLS (collectively, the "Chapter 11 Cases"). The Debtors are debtors in possession pursuant

to 11 U.S.C. §§ 1107(a) and 1108.

Following the Petition Date, on December 22, 2025, Lugano properly removed the Action to this Court pursuant to Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 28 U.S.C. §§ 1334 and 1452. On January 27, 2025, Plaintiff filed its *Notice of Motion and Motion to Transfer to United States Bankruptcy Court for the District of Delaware* (the "Transfer Motion", ECF No. 23) and Ferder filed the *Motion to Abstain from Hearing State Court Action or in the Alternative to Remand Removed Action* (the "Remand Motion", ECF No. 21).

The Remand Motion should be denied for the following reasons: (1) abstention does not apply because there is no parallel state court action; and (2) the equities favor denying the Remand Motion and subsequently transferring the Action to the Bankruptcy Court because: (a) the Bankruptcy Court is the "home court"; (b) this matter is undisputedly related to the Chapter 11 Cases; and (c) Ferder is already an active participant in the Chapter 11 Cases.

## II. STATEMENT OF FACTS

Lugano is a designer, manufacturer, and retailer of high-end jewelry founded by Ferder and his wife, Idit Ferder in 2004. *See* ECF No. 1-1 [First Amended Complaint ("FAC")] ¶¶ 1-2; *see also* Declaration of Garrett S. Llewellyn (the "Llewellyn Decl.", attached hereto) at ¶ 2, Ex. 1 [Declaration of J. Michael Issa in Support of Chapter 11 Petitions and First Day Motions (the "First Day Decl.")] at ¶ 7. By 2025, Lugano expanded to operate nine retail locations—eight in the United States and one in London, UK—as well as an equestrian division and pop-up show rooms. *See* FAC ¶ 12; First Day Decl. at ¶ 10. Until early spring 2025, Lugano appeared to be a highly profitable and rapidly growing business. First Day Decl. at ¶ 29. Unfortunately, Ferder, as the then-Chief Executive Officer, conspired to engage in fraudulent schemes outside of Lugano's retail business to steal millions of dollars from the company and expose it to significant potential liabilities and reputational harm. FAC ¶ 2.

Following the investigation that led to this Action, Ferder absconded to and has remained in Tel Aviv, refusing to return to the United States. FAC ¶ 36. Within weeks of disclosing the internal investigation, the Debtors heard from close to sixty (60) persons asserting multi-million-dollar claims relating to alleged transactions entered by Ferder. *See* First Day Decl. ¶ 31. Lugano's mounting liabilities led to the Debtors initiating the Chapter 11 Cases in the Bankruptcy Court. *See generally* First Day Decl. Through the Chapter 11 Cases, the Debtors were able to consummate a sale of substantially all their tangible assets and inventory. The Chapter 11 Cases remain pending for the purposes of pursuing confirmation of a chapter 11 plan and establishing an orderly process for the administration of Lugano's assets, determination of its liabilities, and distribution of the proceeds of liquidation to legitimate creditors.

On January 27, 2026, Ferder filed a *Motion for Relief from the Automatic Stay* in the Chapter 11 Cases. *See* Llewellyn Decl. ¶ 3, Ex. 2 (the "Stay Relief Motion"). The Stay Relief Motion seeks authority to pursue compulsory counterclaims against the Debtor in this Action. *Id.* Also on January 27, 2026, Ferder filed a proof of claim in the Chapter 11 Cases asserting an unsecured claim in the amount of $36,024,500.00 (the "Proof of Claim"). *See* Llewellyn Decl. ¶ 4, Ex. 3. The alleged components of Ferder's claim include: (i) funds paid by Ferder on contracts that Lugano was obligated to pay; (ii) funds paid by Ferder to cover Lugano business expenses; (iii) labor code violations and wrongful termination; (iv) indemnity claims resulting from the actions brought against Ferder; (v) setoff and recoupment claims; and (vi) claim of interest. *Id.* Ferder has not filed an answer in this Action.

### III. ARGUMENT

#### A. The Action Was Properly Removed.

To determine whether to remand this Action, the Court must first determine whether it has subject matter jurisdiction over the Action. It does.

Under 28 U.S.C. § 1334(b), federal bankruptcy jurisdiction extends to "all civil

proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). "Related-to" jurisdiction has been interpreted to include any action that "could conceivably have any effect on the estate being administered in bankruptcy." *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988). Here, as thoroughly outlined in the Transfer Motion, which Lugano incorporates by reference, the Action is manifestly "related to" the Chapter 11 Cases at least insofar as the Action constitutes a material asset of Lugano's bankruptcy estate that can and will be liquidated for the benefit of Lugano's creditors. *See* ECF No. 23 at 4-6. In fact, Ferder admits "the proceeding is "related to" the bankruptcy case" in the Remand Motion. *See* Remand Motion at 12.

### B. The Court Cannot Abstain Under Section 1334(c) Because There is No Parallel State Court Proceeding.

This case does not satisfy the factors for either mandatory or permissive abstention under 28 U.S.C.§ 1334(c). Under binding Ninth Circuit precedent,[1] Section 1334(c) applies only in those cases in which there is a related proceeding that either permits abstention in the interest of comity, section 1334(c)(1), or that, by legislative mandate, requires it, section 1334(c)(2)." *Security Farms v. International Brotherhood of Teamsters*, 124 F.3d 999, 1010 (9th Cir. 1997); *see also Schulman v. State of California (In re Lazar)*, 237 F.3d 967, 981 (9th Cir. 2001) (affirming bankruptcy court finding of no mandatory abstention for case removed from state court). Removal of a state action to federal court "extinguish[es] the coordinated state proceeding" and precludes abstention under Section 1334(c). *Security Farms*, 124 F.3d at 1010. Thus, neither this Court nor the Bankruptcy Court may abstain from this Action under Section 1334(c)(2).

---

[1] To the extent it is determined that Ninth Circuit law does not control as to the abstention issue, Lugano respectfully requests and reserves the right to supplement and/or amend this response.

## C. The Court Should Not Remand the Action.

Alternatively, Ferder argues that the Court should remand the Action for equitable reasons pursuant to 28 U.S.C. § 1452(b) or permissively abstain from hearing it pursuant to 28 U.S.C. § 1334(c)(1). For the same reason that § 1334(c)(2) is inapplicable, so is § 1334(c)(1). *See Security Farms*, 124 F.3d at 1010. The factors courts consider for equitable remand and permissive abstention are essentially identical. *See In re Diversified Contract Servs., Inc.*, 167 B.R. 591, 596 (Bankr. N.D. Cal. 1994). These factors are: "(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficult or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor." *In re Tucson Ests., Inc.*, 912 F.2d 1162, 1167 (9th Cir. 1990). Of these, the majority of the factors either weigh against remand or are neutral.

Ferder argues that the factors weigh in favor of remand because of the state law issues pertaining to the claims asserted in the Action, the parties' express contractual choice of forum, judicial economy and efficient administration of justice, comity and respect for the state judiciary, and forum shopping and procedural posturing. Ferder is wrong. Remand is inappropriate, and the Action should be fully determined by the Bankruptcy Court, which is the proper venue for all related proceedings. *See, e.g.,*

*Howard Brown Co. v. Reliance Ins. Co.,* 66 B.R. 480, 482 (E.D. Pa. 1986).

At the outset, Ferder's argument that remand is appropriate because of the "express contractual choice of forum" and Ferder's assertion that Lugano seeks to use bankruptcy removal to circumvent the freely negotiated contractual term should have no bearing on the Remand Motion. First, the claims set forth in the Action do not arise out of the employment agreement and therefore the agreement should not govern the jurisdiction or choice of law. Second, the Debtors were forced to initiate the Chapter 11 Cases because of Ferder's fraudulent conduct. As is the case with countless corporate debtors, the Debtors initiated the Chapter 11 Cases in the Bankruptcy Court and chose to do so in the District of Delaware after determining, in accordance with 28 U.S.C. § 1408 and their business judgment, that the Bankruptcy Court was the best venue in which to obtain bankruptcy relief. No interested party has ever objected to the venue of the Chapter 11 Cases.

Second, the majority of the arguments in the Remand Motion should be ignored because Ferder has filed the Stay Relief Motion and the Proof of Claim in the Bankruptcy Court without alleging that venue of the Chapter 11 Cases is somehow improper. Even just those two filings exceed the number of filings Ferder made in this Action when it was pending in state court. By seeking affirmative relief in the Bankruptcy Court, Ferder has subjected himself to the jurisdiction of the Bankruptcy Court and waived any potential right to a jury trial. *See, e.g., Travellers Intern. AG v. Robinson,* 982 F.2d 96, 98 (3d Cir. 1992) (holding that by "submitting a proof of claim to the debtor's estate, Travellers effectively waived its right to a jury trial and submitted itself to the equitable jurisdiction of the bankruptcy court"); *In re PNP Holdings Corp.,* 184 B.R. 805, 806 (B.A.P. 9th Cir. 1995).

Judicial economy and the efficient administration of justice also do not weigh in favor of remand. Ferder's arguments related to piecemeal litigation and forum shopping are likewise nonsensical. Ferder ignores that the other cases he deems "related" to this Action, were brought against the Debtors and therefore stayed

pursuant to the automatic stay set forth it 11 U.S.C. § 362. Because those cases arose pre-petition, they now constitute claims against Lugano's bankruptcy estates, to be addressed through an orderly claims process in the Chapter 11 Cases as mandated in the Bankruptcy Code.

Ferder's mischaracterization of Lugano employing a "selective use of federal jurisdiction" by removing its affirmative case is based on a misunderstanding of how bankruptcy law works. The facts do not support the notion that Lugano engaged in some sort of forum shopping. And because these other cases will be dealt with through the claims process in the Bankruptcy Court, granting the Remand Motion would actually increase piecemeal litigation and the likelihood of inconsistent findings because, if remanded, the Action would be the only proceeding not in front of the Bankruptcy Court. This is why economics of estate administration favor having related to proceedings centralized so that the Bankruptcy Court is able to determine factually similar and related claims within the far larger context of a Chapter 11 case involving all creditors. *See, e.g., Baca v. Patriot Nat'l Inc.,* No. 17-CV-03508-SK, 2018 WL 10435228, at *3 (N.D. Cal. June 19, 2018). Ferder's argument ignores the fact that Lugano initially filed this action in state court, and only sought removal *after* the bankruptcy was filed. It follows that Lugano is not forum shopping but rather seeking to transfer in order to promote efficiency.

As discussed above, Ferder has waived any jury trial right by filing the Proof of Claim. Even to the extent it is determined that Ferder has not, the fact that a bankruptcy court cannot conduct a jury trial is not controlling. *See Bunsow v. Davis*, Adv. Proc. No. 12-3113 (TEC), 2012 WL 5386094, at *3 (Bankr. N.D. Cal. Nov. 1, 2012). As discussed in *Bunsow*, the Bankruptcy Court could adopt an aggressive alternative dispute resolution scheme, resolve the action by motion, or try the case in the district court. *Id.* (citing *Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 786-87 (9th Cir. 2007)). Likewise, despite now arguing that Delaware is an inconvenient forum, Ferder has actively participated in

the Chapter 11 Cases to date and, by virtue of his Proof of Claim and seeking affirmative relief in the Chapter 11 Cases, has voluntarily submitted himself to the Bankruptcy Court's jurisdiction and whatever limits on jury trials pertain under that jurisdiction.

The only factor that weighs in favor of remand is that the Complaint alleges state law claims. This, alone, should not lead to remand of the Action because there is nothing difficult or unsettled about these claims which would make it difficult for the Bankruptcy Court to decide them. *In re Eastport Associates*, 935 F.2d 1071, 1077, 1079 (9th Cir. 1991) (upholding refusal to remand even though "the adversary proceeding involves only state law issues"); *In re Meadowbrook Ests.*, 246 B.R. 898, 905 (Bankr. E.D. Cal. 2000) (denying abstention even though "dispute primarily implicates state law"). Bankruptcy courts decide matters of state law every day in virtually every case arising under the Bankruptcy Code. Further, the Debtors, along with the Special Committee, have been conducting a thorough investigation into the operations of the Debtors. It is plausible that Lugano may in fact decide to amend the Complaint to add bankruptcy-specific causes of action.

## IV. CONCLUSION

For the reasons stated herein, Lugano respectfully requests that the Court deny Ferder's Motion to Remand and order this case transferred to the United States District Court for the District of Delaware for referral to the United States Bankruptcy Court for the District of Delaware.

Dated: February 17, 2026 **BARNES & THORNBURG LLP**

By: /s/ *Garrett S. Llewellyn*
Garrett S. Llewellyn

*Attorneys for Plaintiff Lugano Diamonds & Jewelry Inc., by and through the Special Committee of the Board of Directors of Lugano Diamonds and Jewelry Inc.*