_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES – GENERAL

Case No.: 8:25-cv-02845-FWS-JDE                    Date: March 13, 2026
Title: Lugano Diamonds and Jewelry, Inc. v. Mordechai Ferder *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

|  |  |
|---|---|
| Priscilla Deason for <u>Rolls Royce Paschal</u> <br> Deputy Clerk | <u>N/A</u> <br> Court Reporter |

Attorneys Present for Plaintiff:                    Attorneys Present for Defendants:

Not Present                                              Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO REMAND [21] AND DENYING AS MOOT PLAINTIFF'S MOTION TO TRANSFER [23]**

In this case, Plaintiff Lugano Diamonds & Jewelry Inc. pleads claims against Defendant Mordechai Ferder ("Defendant") and Defendant VAD & Company, Inc. for allegedly stealing millions of dollars and exposing Plaintiff to significant potential liabilities and reputational harm. (Dkt. 1-1 ("First Amended Complaint" or "FAC").) Before the court are two motions: (1) Defendant's Motion to Abstain from Hearing State Court Action or in the Alternative, to Remand Removed Action, (Dkt. 21 ("Motion to Remand")), and (2) Plaintiff's Motion to Transfer Case to United States Bankruptcy Court for the District of Delaware, (Dkt. 23 ("Motion to Transfer")). These matters are fully briefed. (*See* Dkts. 26-27, 30-31.) The court finds these matters appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for **March 19, 2026**, is **VACATED** and **OFF CALENDAR**. Based on the state of the record, as applied to the applicable law, the Motion to Remand is **GRANTED** and the Motion to Transfer is **DENIED AS MOOT**.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES – GENERAL

Case No.: 8:25-cv-02845-FWS-JDE                                        Date: March 13, 2026
Title: Lugano Diamonds and Jewelry, Inc. v. Mordechai Ferder *et al.*

## I.    Background

Plaintiff alleges the following.  Plaintiff is a California corporation with its principal place of business in Newport Beach, California.  (FAC ¶ 6.)  Plaintiff is a renowned high-end diamond and jewelry retailer.  (*Id.* ¶ 1.)  Defendant, as the then-Chief Executive Officer ("CEO"), conspired to engage in fraudulent schemes outside of Plaintiff's retail business to steal millions of dollars from the company and expose it to significant potential liabilities and reputational harm.  (*Id.* ¶ 2.)  For example, Defendant concealed and misrepresented the nature of numerous financing transactions he entered with third parties.  (*Id.*)  By the terms of these transactions, Defendant created liabilities for Plaintiff but disguised them as direct sales, forged invoices and sale documents, sent out empty box shipments, falsely recorded the money from third party individuals as revenue, and concealed the repayment obligations.  (*Id.*)  Defendant misappropriated Plaintiff's funds to repay some of the third-party individuals by concealing the repayments as legitimate business expenses and vendor payments, and he has potentially exposed Plaintiff to over $100 million in liability.  (*Id.*)

Plaintiff provides the declaration of J. Michael Issa, the Chief Restructuring Officer of Plaintiff.  (Dkt. 27-2 ("Issa Decl.").)  According to Issa, Plaintiff and its affiliated debtors heard from close to sixty (60) persons asserting multi-million-dollar claims relating to alleged transactions entered by Defendant.  (*Id.* ¶ 31.)  Plaintiff states that the mounting liabilities led Plaintiff to initiate Chapter 11 Cases in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  (Dkt. 27 at 4; *see also* Issa Decl.)  On January 27, 2026, Defendant filed a proof of claim in the Chapter 11 Cases asserting an unsecured claim in the amount of $36,024,500.00.  (Dkt. 27-1 (Declaration of Garrett S. Llewellyn) ¶ 4, Ex. 3 ("Proof of Claim").)

Plaintiff and Defendant entered an Employment Agreement which requires that "[a]ll disputes relating to this Agreement, [Defendant]'s employment, or other service with the Company . . . shall be heard in the state or federal courts located in Orange County, California." (Dkt. 21-1 (Declaration of Jeffrey Reeves, "Reeves Decl.") ¶ 3; Dkt. 21-3 Ex. B ("Employment Agreement") at 13.)  The Employment Agreement provides that California law shall apply for "[a]ll issues and questions concerning construction, validity, enforcement and interpretation of" the Employment Agreement.  (*Id.*)

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES – GENERAL

Case No.: 8:25-cv-02845-FWS-JDE                                      Date: March 13, 2026
Title: Lugano Diamonds and Jewelry, Inc. v. Mordechai Ferder *et al.*

In the First Amended Complaint, Plaintiff pleads claims for fraud, concealment, constructive fraud, breach of fiduciary duty, civil theft, conversion, money had and received, intentional interference with contract, and voidable transfer. (FAC ¶¶ 41-157.)

## II. Legal Standards and Analysis

Defendant moves for remand, arguing (1) that the principles of abstention require remand under 28 U.S.C. § 1334(c) and (2) that the equities overwhelmingly favor remand under 28 U.S.C. § 1452(b). (Dkt. 21 at 11-17.) The court considers each argument in turn.

### A. Section 1334(c)

Defendant argues that the case should be remanded under Section 1334(c) because "this case meets every substantive criterion for mandatory abstention." (Dkt. 21 at 11-13.) Plaintiff responds that this case does not satisfy the requirements under Section 1334(c) because there is no parallel state court proceeding. (Dkt. 27 at 5.)

Section 1334(c) provides as follows:

> (1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if *an action is commenced*, and can be timely adjudicated, *in a State forum of appropriate jurisdiction*.

_____

**CIVIL MINUTES – GENERAL**                                                        **3**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

## CIVIL MINUTES – GENERAL

Case No.: 8:25-cv-02845-FWS-JDE                                      Date: March 13, 2026
Title: Lugano Diamonds and Jewelry, Inc. v. Mordechai Ferder *et al.*

28 U.S.C. § 1334(c) (emphasis added).

The court finds that mandatory abstention under Section 1334(c) is not appropriate here because there is no pending state court proceeding. In *In re Lazar*, the Ninth Circuit held that Section 1334(c)(1) and Section 1334(c)(2) are not applicable in a case removed from state court because there was no pending state court proceeding. 237 F.3d 967, 981-82 (9th Cir. 2001). Similarly, Plaintiff removed this case from state court, and there is no pending state court proceeding regarding this matter. (Dkt. 1.) Accordingly, the court finds that Section 1334(c) does not provide a basis for mandatory abstention. *See In re Lazar*, 237 F.3d at 981-82.

**B.     Section 1452(b)**

Though Section 1452(a) permits a party to remove claims related to a bankruptcy case, that right is not absolute. Under Section 1452(b), "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). In the Ninth Circuit, district courts determining whether to remand on an equitable ground consider the following factors:

> (1) the effect or lack thereof on the efficient administration of the estate if the [c]ourt recommends [remand or] abstention; (2) extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) presence of related proceeding commenced in state court or other nonbankruptcy proceeding; (5) jurisdictional basis, if any, other than § 1334; (6) degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES – GENERAL

Case No.: 8:25-cv-02845-FWS-JDE                           Date: March 13, 2026
Title: Lugano Diamonds and Jewelry, Inc. v. Mordechai Ferder *et al.*

proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action.

*Fed. Home Loan Bank of Chicago v. Banc of Am. Sec. LLC*, 448 B.R. 517, 525 (C.D. Cal. 2011) (citation omitted).

The court finds that equities favor remand under Section 1452(b). First, the First Amended Complaint only alleges claims under California law. (FAC ¶¶ 41-157); *see In re Enron Corp.*, 296 B.R. 505, 509 (C.D. Cal. 2003) (noting where state law issues predominate "abstention is particularly compelling"). Second, the parties entered an Employment Agreement which requires that "[a]ll disputes relating to this [a]greement, [Defendant]'s employment, or other service with the Company . . . shall be heard in the state or federal courts located in Orange County, California." (Employment Agreement at 13.) Plaintiff argues that this case does not arise out of the Employment Agreement. (Dkt. 27 at 7.) The court is not persuaded that this diminishes the equities favoring remand because the Employment Agreement governs all disputes relating to Defendant's employment, and Plaintiff's claims arise out of Defendant's conduct as the CEO. Moreover, the parties' agreement to litigate in Orange County weighs in favor of remanding this case to an Orange County state court, particularly where Plaintiff alleges only state law claims.[1] Third, the court finds the interests in judicial economy and efficient administration of justice weigh in favor of remanding this case. Defendant cites eight other related cases pending in Orange County Superior Court. (Reeves Decl. ¶ 2 n.1.) By remanding this case back to Orange County state court, the parties would avoid piecemeal litigation in this court and Orange County state court. Although no single factor is determinative of whether a case may be remanded under Section 1452(b), the court need only find "any equitable ground" to remand the case. 28 U.S.C. § 1452(b). Here, the court finds sufficient equities weigh in favor of remanding this action.

Plaintiff argues that the court should ignore Defendant's arguments because Defendant filed a Stay Relief Motion and the Proof of Claim in the Bankruptcy Court and therefore

_____

[1] Though the court denies the Motion to Transfer as moot, the court finds that the Employment Agreement would weigh in favor of remanding this case to Orange County state court as opposed to transferring this case to the Bankruptcy Court.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No.: 8:25-cv-02845-FWS-JDE                    Date: March 13, 2026
Title: Lugano Diamonds and Jewelry, Inc. v. Mordechai Ferder *et al.*

subjects himself to the Bankruptcy Court's jurisdiction. (Dkt. 27 at 7.) Defendant responds that his participation in the bankruptcy proceedings does not waive his right to a jury trial, nor does it mean he has consented to litigate every matter in the Bankruptcy Court. (Dkt. 30 at 7-8.)

The court finds that Defendant's filings in the Bankruptcy Court do not require this court to deny the Motion to Remand and compel Defendant to defend this case in the Bankruptcy Court. As discussed above, the equities weigh in favor of remanding this case. Furthermore, Plaintiff alleges California state law claims related to Defendant's conduct as the CEO of Plaintiff which is not necessarily implicated by the Proof of Claim seeking reimbursements from Plaintiff. (*Compare* FAC ¶¶ 41-157 *with* Proof of Claim); *see Stern v. Marshall*, 564 U.S. 462, 503 (2011) (holding that the bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim"). Moreover, Defendant's Proof of Claim expressly states that Defendant "does not consent to jurisdiction of the Bankruptcy Court" with respect to this case, and that it does not constitute a waiver of the jury trial right. (Proof of Claim at 39.) The court notes that a party's jury trial right weighs strongly in favor of remand. *See Maya, Ltd. Liab. Co. v. Cytodyn of N.M., Inc. (In re Cytodyn of N.M., Inc.)*, 374 B.R. 733, 741 (Bankr. C.D. Cal. 2007). For these reasons, the Motion to Remand is **GRANTED**.

**III.   Disposition**

For the reasons stated above, the Motion to Remand is **GRANTED** and the Motion to Transfer is **DENIED AS MOOT**. *See, e.g.*, *In re Enron Corp.*, 296 B.R. at 509 ("Because the [c]ourt finds remand appropriate, it does not consider [a]ppellants' motion to transfer."). This case is **REMANDED** to Orange County Superior Court as case number 30-02025-01492210-CU-CO-CJC.

_____

**CIVIL MINUTES – GENERAL**                                                            **6**